FREDERICK W. DEVOE et al., Appellants, *v.* JOHN BRANDT, impleaded, etc., Respondent.

Fraud upon the part of a vendee in obtaining credit upon a purchase may be based as well upon a suppression of the truth as the proofs of assertion of a falsehood.

S. purchased of plaintiffs a bill of goods upon credit. At the time of the purchase he was insolvent. About twenty months prior to the purchase an action had been commenced against him by B. for a claim greater than the value of all his property. No answer had been put in and no judgment had been perfected. S. at the time of the purchase said nothing as to his circumstances or in regard to the suit pending. He had before purchased of plaintiff to a limited extent. Immediately after this purchase B. perfected judgment, issued execution, and the goods purchased were levied upon. In an action to recover possession of the goods,—*Held*, that the evidence was sufficient to go to a jury and to sustain a finding of fraud.

Where goods fraudulently purchased are sought to be reclaimed by the vendor and are found in the possession of a third person, it devolves upon the latter to show that he is a *bona fide* purchaser.

An execution creditor does not become a *bona fide* purchaser by buying

goods at a sale upon his execution, which were fraudulently purchased by the judgment debtor.

(Argued June 9, 1873; decided September 30, 1873.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, setting aside a verdict and granting a new trial.

This action was brought to recover the possession of certain goods alleged to have been fraudulently purchased by defendant, George Samuels, of plaintiff.

The facts appear in the opinion.

*A. R. Dyett* for the appellants. The jury had a right, from the facts proved, to find Samuels guilty of fraud in purchasing the goods from plaintiff. (*King* v. *Phillips*, 8 Bosw., 603; *Brown* v. *Montgomery*, 20 N. Y., 287; *Nichols* v. *Michael*, 23 id., 264; 24 id., 139; 49 Barb., 98, 314; 2 Keyes, 647.) Brandt as a judgment creditor for a precedent debt and a purchaser under his own judgment and execution, was not a *bona fide* purchaser for value, so as to get a better title than Samuels got to the goods. (*Acker* v. *Campbell*, 23 Wend., 372; 20 id., 167; 3 Barb., 20, 30; 11 J. R., 529; 1 Paige, 493; 2 Comst., 517; Crocker on Sheriffs, 2d ed., § 452, note 9.) The evidence was sufficient, in the absence of explanation by defendant, that Brandt and Samuels colluded to subject plaintiff's goods to Brandt's execution. (*People* v. *Dyle*, 21 N. Y., 579, 580; C. & H. note to Phil. Ev., 2d ed., 1843, part 1, p. 310, and p. 156, vol. 1, of text; *Darell* v. *Turner*, 1 Paige, 493; *Waterbury* v. *Sturtevant*, 18 Wend., 361; 1 Hill, 308.)

*C. Bainbridge Smith* for the respondent.

Peckham, J. Replevin in the detinet for certain goods of the value of over $600, fraudulently purchased, as is alleged by defendant Samuels, of the plaintiff, with intent to cheat plaintiff out of their value. They were subsequently found in the possession of the defendant Brandt. The defendant

Samuels made default; Brandt answered, denying the complaint, and setting up, among other things, that he bought the goods at a public auction thereof as the goods of Samuels.

The case was tried at the New York circuit. It appeared, in proof, that in March, 1865, Brandt commenced an action against this Samuels for goods sold and delivered to him in 1863 and 1864, chiefly in 1863. That Samuels put in no answer, but no judgment was perfected until the 7th of November, 1866, and then for $4,078.34 damages and costs; and execution issued thereon on the same day to the sheriff of New York, which was returned on the 10th of December, 1866, satisfied to $2,712.77, and *nulla bona* as to the residue. It was shown that Samuels had been in the habit of purchasing goods of the plaintiff, to a limited extent, prior to this sale. That this sale was made, and the larger part of the goods delivered on the 26th of October, 1866, a portion on the thirtieth of October, and the remainder on the eighth of November following. That Samuels, at the time of the purchase by him, said nothing as to his circumstances or as to the suit then pending against him in favor of Brandt, in which the right to enter up judgment had been then due over a year and a half; evidence was also given of the replevin papers in this case, and of an undertaking given by the defendants for a return of the property replevined, before it had been delivered to plaintiff.

The defendants offered no evidence. The jury found for the plaintiff. The General Term, in the first district, granted a new trial.

It is clear that there was sufficient evidence to go to the jury upon the question whether this was a fraudulent purchase by Samuels. Here was abundant evidence for their consideration that this purchase was made with a view of cheating the plaintiff, and that he never intended to pay for the goods. He concealed from the plaintiff a fact (the right of Brandt to enter up his judgment for $4,000), which he knew to be most material, and he well knew that if plaintiff had been aware of that fact he never would have made the sale.

There is good ground for inferring, from the facts proved, that he intended to commit a fraud in this purchase, and he deliberately proceeded to its consummation. Such a fraud may be as easily consummated by a suppression of the truth as by the suggestion of a falsehood. The law is guilty of no such absurdity as to require a false affirmation as the only basis on which to prove a fraud among merchants. It is not necessary or usual for merchants to inquire of their customers as to their pecuniary condition at each sale. The fact to be proved is that the purchase was made with intent to defraud. Any evidence that will satisfy a jury of that fact, that affords reasonable proof of such a purpose, makes a case for a jury. That evidence may be positive or circumstantial, and as various as the proof of any other fact.

The proof here is abundant; obviously the defendant, Samuels, was then wholly insolvent. The deficiency on the execution showed him able to pay only about fifty per cent of these two debts. He purchased when he knew the goods would or might be all seized and consumed upon this execution. In fact, a portion of these goods was delivered after the execution was issued. It would seem as if he bought in order to subject the goods to that execution ; and he offers no explanation. (*Nichols* v. *Michael*, 23 N. Y., 264, 274 ; *Hennequin* v. *Naylor*, 24 id., 139 ; *Earl of Bristol* v. *Wilsmore*, 1 Barn. & Cr., 514.) We may assume then that these goods were fraudulently purchased. No title then passed, and the vendor can retake them from any one but a *bona fide* purchaser. Is Brandt such a purchaser ? The goods are found in his possession, and it rests with him to show that he is a *bona fide* purchaser thereof. He shows nothing. He alleges in his answer that he bought them at public auction, as the goods of Samuels. But he gives no proof of that; and it would not aid him if he did, unless he showed that he paid value for them. But assume that Brandt seized these goods upon his execution and purchased

them at a sale thereon, he did not thereby become a *bona fide* purchaser.

In this case, upon several grounds: First. The facts disclosed show that there was enough to put him upon inquiry as to the fraud of Samuels, even if he could otherwise become a *bona fide* purchaser (*Durrell* v. *Halley*, 7 Paige, 492, a case much like the one at bar); Second. Because the plaintiff in the execution made no advances thereat. It was not necessary, to avoid such sale, that the execution creditor knew of the fraudulent purchase (*Ash* v. *Putnam*, 7 Hill, 302; *Root* v. *French*, 13 Wend., 570; *Cary* v. *Hotailing*, 1 *Hill*, 311; *Atwood* v. *Dearborn*, 1 Allen, 483; *Mowrey* v. *Walsh*, 8 Cow., 238; *Acker* v. *Campbell*, 23 Wend., 372; *Earl of Bristol* v. *Wilsmore, supra*); Third. Because such property, so fraudulently purchased, is not the subject of levy and sale by a sheriff. Replevin in the *cepit* will lie therefore at the suit of the defrauded vendor. (See same authorities.)

It is only necessary to decide in this case that Brandt, the execution creditor, does not become a *bona fide* purchaser by buying goods at a sale thereon which were fraudulently purchased by the defendant in that execution. That proceeding gave him no better title than a mere delivery would from the fraudulent vendee. He advanced nothing, and he lost nothing by the proceeding. The sale on the execution did not contain the first element to constitute this defendant a *bona fide* purchaser. The execution was returned unsatisfied in part. No lien was therefore relinquished, and the amount realized from a stranger's property would be stricken from the execution on application to the court. The charge of the court was therefore right.

The order of the General Term granting a new trial should be reversed, and judgment ordered upon the verdict for the plaintiff.

All concur.

Order reversed and judgment accordingly.