Salomon agt. Van Praag.

## SUPREME COURT.

### SIMON SALOMON agt. MARCUS VAN PRAAG.

*Action for claim and delivery of personal property — fraudulent representations.*

Where personal property is obtained from the owner through fraudulent
representations, no demand from the vendee, before suit brought, is
necessary. It is otherwise where the possession of the vendee is lawful.

Where the defendant has purchased from the fraudulent vendee the pro-
perty, with knowledge of the fraud, the same rule applies; no demand
is necessary before suit brought.

A jury is the proper tribunal to pass upon the facts and circumstances
tending in any degree to establish fraud in the defendant, and it is incum-
bent on the defendant to satisfy the jury that he is a *bona fide* purchaser.

*Trial Term, February,* 1874.

ACTION for claim and delivery of personal property.

The vendor parted with his goods through the fraudulent
representations of one Prowlee. The goods were afterward
found in the possession of the defendant, against whom the
action was brought. The defendant claimed to be a *bona fide*
purchaser, from the fraudulent vendee, without notice or
knowledge of the fraud, and for a valuable consideration.

The jury rendered a verdict for the plaintiff, and a motion
was made for a new trial.

*Mr. Sanders,* for plaintiff.

*Mr. Fogarty,* for defendant.

VAN VORST, *J.* — The grounds urged by the defendant's
counsel for a new trial on the minutes, are:

Salomon agt. Van Praag.

1. That no demand of the property was made of the defendant, before the commencement of the action.

2. That the plaintiff has neither returned, nor offered to return the notes of Prowlee, received on the sale to him.

3. That the evidence is insufficient to justify the verdict.

If the defendant was not a *bona fide* purchaser of the property, then he was not lawfully in possession, and it was no more necessary to demand the property from him before commencing the action, than it would have been of Prowlee himself, had the action been against him, before he parted with the possession.

Before the holding of personal property by one who is lawfully in possession can be called wrongful, even as against the true owner, a demand should be made upon him of the property, and then his refusal to deliver would justify an action for a wrongful detention (*Talcot* agt *Belding*, 4 *J. & S.* [*Sup. Ct. R.*], 84, *and cases cited*).

But the verdict of the jury must be considered, as having established not only that Prowlee's purchase was fraudulent, but also that the defendant was not a *bona fide* purchaser from him for a valuable consideration.

Now it must be conceded that the evidence tending to show guilty knowledge in the defendant is slight, circumstantial in character, and not inherently conclusive. Yet uncontradicted, and unexplained it is sufficient, as it is inconsistent with entire innocence, and indicates at least that he had reason to suspect the goodness of Prowlee's title. This evidence is attempted to be both contradicted and explained.

And if the evidence of the defendant is reliable, it may be well considered that the proof of defendant's participation in, or knowledge of the fraud is overcome by his positive denial of knowledge of Prowlee's guilt, and by his statement that he had paid a valuable consideration for the property.

Yet as the transaction involved a question of good faith, and as to whether or not the defendant was free from any

notice of Prowlee's fraud, either actual or constructive, it was deemed to be a case for the judge, under proper instructions.

In *Hubbard* agt. *Briggs* (31 *N. Y.*, 538), WRIGHT, J., says : " The case was one of fraud, and ordinarily such a case is not capable of being established by direct affirmative proof. Any evidence, having a tendency, though it may be slight, to establish fraud is not incompetent (*Newman* agt. *Cordell*, 43 *Barb.*, 448).

It was considered that the jury was the proper tribunal to pass upon the facts and circumstances tending in any degree to establish fraud in the defendant, as well as his evidence of good faith by way of denial and explanation, and the *credibility of the various witnesses.*

And it may be urged, with good reason, that in all cases where the good faith of the party in his action is under consideration, and is a substantive matter, the determination of such question, upon all the facts and circumstances, is for the jury.

The question, therefore, whether a demand was necessary to be made upon defendant before suit brought, is involved in the decision of the principal question as to whether or not the defendant was a *bona fide* purchaser, and which, by the verdict of the jury, is determined adversely to the defendant.

It was incumbent on the *defendant* to satisfy the jury that he was a *bona fide* purchaser (*Duer* agt. *Brandt*, 53 *N. Y.* 462).

If there was any evidence on the subject in a case involving fraud and good faith, it was proper that the matter should be submitted to the jury, and, it having been decided by them, it does not seem reasonable that the verdict should be set aside, and a new trial ordered, although the judge before whom the trial was had may differ from the conclusion to. which the jury arrived.

The objection that it was necessary for the plaintiff to return the notes taken by him from Prowlee on the sale, in. order to work a complete rescission of the contract, was not

Salomon agt. Van Praag.

taken on the trial, where the notes could still have been offered to be returned or canceled, had the objection been taken, and it cannot be urged on this motion.

The questions involved in this motion are not free from doubt. But the exceptions taken by the defendant's counsel to the rulings at the circuit may be considered by the general term, and, if well founded, may afford relief so that no injustice be done

The motion for a new trial is denied.