RICHARD McMICHAELS, RESPONDENT, *v.* CHAUNCEY KILMER, APPELLANT.

*Mutual accounting — party to — when bound to state item against himself.*

Where two parties have a settlement of mutual accounts, having, among other things, been mutually interested in a sale made by one of them of certain property, the proceeds of which are embraced in the account, the party selling the property is bound, on the accounting, to state any item against himself relating to such sale, if such item is overlooked by the other.

His failure to act affirmatively in making known to the other party his omission of such item is constructively fraudulent, and the settlement will, for that reason, be opened.

APPEAL from a judgment in favor of the plaintiff entered on the decision of the court.

The action was brought to recover the sum of $414 and interest, from April 1, 1867, being a portion of the price of the American Hotel, Saratoga Springs, N. Y., in which both the parties were interested, omitted from a settlement of accounts between the parties by an alleged fraudulent concealment by the defendant. The defend-

ant leased the real estate in question to the plaintiff, who had a right to purchase it if the defendant should choose to sell at less than a certain sum; the plaintiff might at any time sell for more than that sum, and if he sold for more, then he was to pay the plaintiff one-half of the excess of the purchase-money over such sum. The court below found, among other things, that, in * * * the settlement between the parties, defendant was charged with $30,000, as the purchase-price he received for the said premises * * * as received April 1, 1867. That, in fact, defendant, on November 8, 1866, executed a deed of said premises for $30,000, and interest from that date, to one William H. McCaffrey, the possession of the premises, however, not being given, and being reserved and the purchase-money not being paid until April 1, 1867. That, on April 1, 1867, up to which time plaintiff occupied said premises under agreement * * * and paid rent therefor, defendant had received, as the purchase-price for said premises, $30,000, and interest thereon from November 8, 1866, amounting to $828, and that on said settlement defendant, instead of being charged with $30,000, as the purchase-price of said hotel and premises, received April 1, 1867, should have been charged with $30,828 April 1, 1867. That one-half of said sum of $828, to wit, $414, and interest from April 1, 1867, plaintiff was justly entitled to be allowed and paid on said settlement, and was not.

*A. Pond*, for the appellant.

*John R. Putnam*, for the respondent.

LEARNED, P. J.:

This case comes up on substantially the same evidence as before. A reference to the former opinion would be sufficient, were it not that the learned justice has found that the defendant committed a fraud in not mentioning the disputed claim.

There were mutual accounts between the parties and litigation was threatened. Their respective attorneys met and had a settlement, at which neither of the parties was present. The plaintiff's attorney made out the statement, which formed the basis of the settlement. The plaintiff yielded two items, the defendant yielded

one and waived objection to three others claimed by the plaintiff. Finally, the defendant's attorney offered to pay $1,000, and said that if he paid that, the defendant wanted a receipt in full. To this the plaintiff's attorney consented. The money was paid and a receipt given in full of within account and of all demands to date, signed in the plaintiff's name by his attorney.

The alleged fraud consists in this : The statement made out by the plaintiff's attorney contained an item for profits on the sale of the hotel. In this the sale price was stated at $30,000 as of April first. In fact, the hotel was sold for $30,000 with interest, from November eighth previous. The defendant had received that statement by mail from the plaintiff's attorney.

The plaintiff testifies that the defendant told him he had sold the property for $30,000 and was to get his pay April first, and that he so supposed. The defendant denies this. The learned justice does not find that the defendant made any false statement in this respect. He finds only that the plaintiff did not know that the defendant had received the interest ($828) that the defendant knew this and remained silent with intent to procure a receipt discharging him from liability.

The cases cited by the learned justice in his opinion are not quite analogous to the present. They are cases where a purchaser of goods is insolvent, and knowing this, conceals the fact, with intent to defraud, by a pretended purchase for which he does not intend to pay. (Devoe v. Brandt, 53 N. Y., 462.) When a man buys goods he promises to pay. If he knows himself to be insolvent, he knows too that his promise is valueless and a fraud.

But the question here is, when two parties have a settlement of mutual accounts, is each legally bound to state every item against himself which the other has omitted? I think the answer to this question must depend principally on the relation between the parties. If, in any sense, one stands in a confidential position to the other, then he is certainly bound affirmatively to disclose every item against himself.

Now, looking at the present case we have a contract between the plaintiff and the defendant. The defendant leases this property to the plaintiff, the plaintiff has a right to purchase, if the defendant should choose to sell at less than a certain sum, the plaintiff has

a right at any time to sell for more than that sum; and if he sells for more, then he is to pay the plaintiff one-half of the excess.

It is true that this contract did not make a strict trust. Yet I think that it placed the parties in such a position to each other, that the defendant was bound affirmatively to make known to the plaintiff the amount of the sale. And though I do not think that there is evidence of intentional fraud, still, in my opinion, the case comes under what is called constructive fraud. The parties were, in a certain modified sense, partners in respect to the sale of the property, and each owed to the other the duty of full disclosure. It seems to me, therefore, right that the settlement should be opened.

The defendant did not offer to give evidence in regard to the other items of the account, which were said to have been compromised on the settlement.

Judgment should be affirmed, with costs.

Present — LEARNED, P. J., and BOARDMAN, J., BOCKES, J., taking no part.

Judgment affirmed, with costs.