AMERICAN EXPRESS CO. v. SMITH & CRITTENDEN ET AL.

1. Attachment: PRACTICE. The question as to the invalidity of an attachment cannot be raised for the first time in the Supreme Court.

2. ———: FRAUD: EVIDENCE. Where it does not sufficiently appear from the evidence that the attachment debtor purchased the goods in question, with the intention of defrauding his vendors, it will not enable them to reclaim the goods from an attaching creditor.

3. Practice. The finding of the court upon a question of fact has the same effect as the verdict of a jury, and will not be reversed unless clearly unsupported by the evidence.

*Appeal from Woodbury District Court.*

THURSDAY, DECEMBER 8.

THIS is an action to recover the value of certain property upon which the plaintiff had procured the levy of an attachment, and which the defendants, Smith & Crittenden and J. M. Phillips, had caused to be released from the attachment by the execution of a delivery bond. The cause was tried to the court and judgment was rendered in favor of plaintiff for $278. The defendants appeal.

The facts are stated in the opinion.

*Clinton, Hart & Brewer*, for appellants.

*Isaac Pendleton*, for appellee.

DAY, J.—About the 10th day of October, 1876, H. S. Field, a traveling salesman for J. M. Phillips & Co., and C. C Cook, a traveling salesman for Smith & Crittenden, together visited W. S. Ressegien, then doing business in Oto, Woodbury county. He was carrying a stock of general merchandise which the agents estimated at from $2,000 to $2,400. He stated to them that he had just completed his store building in which he was then doing business at a cost of about $700. That he had paid for the same, and that his stock on hand

was paid for. That in erecting his building and in purchasing his stock he had used up all his ready money, and in making purchases would have to ask a little credit. He said nothing to them with reference to any indebtedness of any character. These agents represented these facts to their respective principals, and thereupon each sold, and caused to be shipped to Ressegien a bill of goods.

On the 26th day of October the plaintiff commenced an action against W. S. Ressegien, naming him in the petition as W. S. Resique, and alleging that defendant took, stole and carried away and appropriated $3,455.64 in money belonging to the plaintiff. The petition also alleged that the defendant had disposed, and was about to dispose, of his property with intent to defraud his creditors and prayed a writ of attachment. A writ of attachment issued against W. S. Resique and was levied upon the stock of goods including the bills shipped by Smith, Crittenden & Co., and J. M. Phillips & Co., which goods were at the time of the levy in the cases unopened. There was a chattel mortgage upon the original stock of Ressegien, executed in September, 1876, for $149.45, which was paid out of the stock after the attachment was levied. Smith, Crittenden & Co. and J. M. Phillips & Co. soon learned that Ressegien was in trouble, and took steps to reclaim their goods, and to obtain their release from attachment executed the delivery bond now sued on.

After the goods were released the plaintiff amended its petition in the attachment proceeding by inserting therein wherever the name W. S. Resique appears, the name W. S. Ressegien; also inserting as an additional ground of attachment that the defendant had absconded so that ordinary process cannot be served. Plaintiff thereupon procured a second writ of attachment to be issued upon the pleading as amended, which was levied upon the same property as the first writ, except the property surrendered on the delivery bond. The plaintiff recovered a judgment against Ressegien for the sum claimed.

As soon as the attachment was levied Ressegien absconded. He had no other property outside of the stock of goods and the store.

I. It is insisted that the attachment is invalid and furnishes no basis for this action, because the petition in the attach-

1. ATTACH-MENT: practice. ment proceeding described the defendant by the name of, and the attachment issued against, W. S. Resique. It is claimed that the plaintiff never had any valid attachment of the property of W. S. Ressegien. The petition alleges that the plaintiff sued out a writ of attachment against W. S. Ressegien, and that thereunder the property in question was levied upon by the sheriff. The answer does not deny this allegation but admits the execution of the bond, and alleges that Ressegien had no interest in or title to the goods. No issue was tendered as to the validity of the levy of the attachment upon property of W. S. Ressegien, but from the whole tenor of the answer, the validity of the attachment seems to be conceded. The question as to its invalidity cannot be raised for the first time in this court.

II. It is claimed that Ressegien procured his purchase of the goods by fraud, that therefore no title passed, and the

2. ———: fraud: evidence. vendors may reclaim the property from either the vendee or an attaching creditor. In support of the position that the purchase was fraudulently effected appellants cite and rely upon *Devoe v. Brandt*, 53 N. Y., 462. We think this case falls short of the facts shown to exist in that case. At the time Ressegien made the purchase in question the attachment suit had not been commenced against him. The agents made their own estimate of the value of the stock of goods on hand. He represented truthfully the value of the store building in which he was doing business. There was a chattel mortgage upon the stock of goods to the extent of $149.45.

It does not appear that he was otherwise indebted, except upon the transactions out of which plaintiff's claim arose. As

has been said, the action upon that claim had not then been commenced and there is nothing whatever in the evidence from which it can be inferred that Ressegien anticipated such a suit. If that action had not been commenced Ressegien would have been abundantly able to pay for the goods in question, and we do not feel justified in holding that he made the purchase with the fraudulent intention of not paying for them. However apparent it may be from the subsequent proceedings, that he fraudulently appropriated the funds of his former employers, it does not appear from the evidence, that he made the purchase in question with the intention of defrauding his vendors. This is a law action, and the finding of the court upon a

3. PRACTICE. question of fact, has the effect of a verdict of the jury, and will not be disturbed unless clearly unsupported by the evidence. The findings of fact involved in the judgment for the plaintiff cannot be said to be clearly unsupported by the evidence. The judgment is

AFFIRMED.