## JOHNSON & Co. *vs.* O'DONNELL & BURKE, *et al.*

EQUITY, FROM RICHMOND. Insolvency. Fraud. Debtor and Creditor. (Before Judge Roney.)

[Jackson, C. J., not presiding, on account of providential cause.]

Blandford, J.—1. Where a person who is insolvent purchases goods and not intending to pay, conceals his insolvency and intention not to pay, he is guilty of a fraud, which entitles the vendor, if no innocent third party has acquired an interest in them, to disaffirm the contract and recover the goods. 93 U. S , 633 ; 1 Hill, 302, 311; 53 N. Y., 462 ; 79 Id., 255; 15 M. & W., 216; 70 Ga , 417 ; 68 Id., 138; 42 Id., 46 ; Code, §§2635, 3175, 3173.

2. Under the allegations in this bill, a court of equity has juris-diction, and the remedy in equity is more adequate and complete than at law. The bill shows that the goods of complainants were fraudulently acquired by their vendees, and fraudulently transferred to the other defendants; and to avoid a multiplicity of suits a court of equity would have jurisdiction, there being no objection of multifariousness or misjoinder of defendants.

3. Complainants have the right of creditors to test the validity of preferred debts and to require an accounting from the assignees. 70 Ga., 313, 321.

Judgment reversed.

Frank H. Miller; Wm. K. Miller, for plaintiffs in error.

No appearance for defendants.