F. M. SLAGLE & Co. *vs.* JOHN GOODNOW.

March 17, 1891.

**Sale—Purchase with Intent not to Pay—Rescission by Seller.**—Where goods are purchased with a preconceived intention not to pay for the same, it is fraud upon the seller, for which he may rescind the sale, and pursue the goods or their proceeds in the hands of the vendee or a subpurchaser from him without consideration.

**Same—Findings—Evidence.**—Evidence *held* sufficient to sustain certain findings of fact.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial after a trial by *Young*, J., (a jury being waived,) and judgment of $375.90 ordered in favor of plaintiff, (a corporation.)

*Borgholthaus & Cameron*, for appellant.

*S. M. Finch*, for respondent.

VANDERBURGH, J. In December, 1887, one J. C. Jones, who resided in Minneapolis and had been engaged in the lumber business there, purchased a quantity of lumber of the plaintiffs, whose place of business was in the state of Iowa. The negotiations therefor were conducted by mail, and the consideration for the sale thereof amounted to upwards of $5,000, and the sale was upon a credit of 60 days.

On December 2, 1887, Jones had written to plaintiffs that he would make shipping orders for some of the lumber, and on December 5th he sent a written direction by mail to ship to the defendant the amount of lumber in controversy here, which was accordingly delivered to defendant by rail. It was ordered sent to defendant in pursuance of an agreement between him and defendant that it should be applied upon a debt due from Jones to one James Goodnow, defendant's father, which defendant held in his hands for collection. What became of the balance of the lumber which was in fact shipped in pursuance of Jones's directions is derived wholly from his testimony and the evidence of his admissions, which was received without objection, and from which it appears that it was shipped to one Roberts, his father-in-law, and to Roberts & Oliver, who were all creditors of his to a large amount, and was applied upon his obligations to them. The court finds upon sufficient evidence that Jones was insolvent when he made the contract, and that he purchased the lumber with the intent not to pay the plaintiffs therefor, but to be applied and used in the satisfaction of the debts referred to; that the plaintiffs were ignorant of these facts, and did not discover them till after the disposition of the lumber by Jones; that the plaintiffs, after the credit had expired, and payment was not made as stipulated, discovered the truth in the case, and, before defendant paid over the purchase price to James Goodnow, notified him of the rescission of the contract on the ground of fraud, and demanded the lumber or the value thereof, claimed to be the price agreed on. The principal question in the case is whether the court was justified by the evidence in finding that the purchase was made with the fraudulent intent charged. The evidence fairly represents Jones, while negotiating the purchase, as a dealer in lumber, buying to sell again in the usual course of business. He was, in fact, insolvent, which fact must have been known to him, but was not disclosed to or known by the plaintiffs. He had no reasonable expectation of paying for the lumber, except from a sale thereof for cash within the 60-days term of credit asked by him and allowed by the plaintiffs; yet he immediately caused the shipments to be made directly to his own creditors.

It is true that mere knowledge of his insolvency by a vendee, unattended with evidence of an intention not to pay, will not avoid a sale; but we think that the evidence here, taken together, was sufficient to warrant the inference of such fraudulent intent as found by the court. *Devoe* v. *Brandt*, 53 N. Y. 462. And, as defendant was not prejudiced by the delay in notifying him of the fraud and their election to rescind, we are of the opinion that the court did not err in holding that such delay, occasioned by their ignorance of the facts, was not necessarily fatal to their case. The money not having been paid over by the defendant, he suffers no prejudice and is left *in statu quo.* He has paid nothing, discharged no debt, and surrendered no security. The amount agreed on may be treated as the proceeds of the lumber still in his hands. *Abbotts* v. *Barry,* 2 Brod. & B. 369; Tied. Sales, § 329. That a purchase of goods with a positive intention not to pay therefor is a species of fraud entitling the seller to maintain an action of this kind seems to be settled by the great weight of authority. Benj. Sales, (Bennett's Ed.) 443, and cases cited; Bigelow, Fraud, (Ed. 1888,) 485, 486; Id. 432, 433; *Stewart* v. *Emersen,* 52 N. H. 301, 318; *Wiggin* v. *Day,* 9 Gray, 97; *Abbotts* v. *Barry,* 2 Brod. & B. 369.

Order affirmed.