PETER O. HOLLAND v. BENJAMIN F. BISHOP and Another.[1]

January 8, 1895.

No. 9198.

**False Representations—Evidence.**

Where the defendants represented to plaintiff, that they were negotiating for the purchase of certain property at a certain price, and were about to close a contract for the purchase of the same, all of which was wholly false, and he was induced by such representations to form a partnership agreement with them to purchase the property, by the terms of which each was to pay one-third of the purchase price and own one-third of the property, and pursuant thereto he paid them his share of the purchase price, to be, with the shares to be contributed by them, paid for the property, the facts and circumstances surrounding the transaction were sufficient to justify the jury in finding that defendants made the representations fraudulently, and the promises in bad faith, as a mere pretense contrived to obtain plaintiff's money, and that they never intended or expected to purchase the property.

**Same—Verdict Sustained.**

*Held,* an action for the conversion of the money received of the plaintiff would lie, and the evidence was sufficient to sustain the verdict.

[1] Reported in 61 N. W. 681.

Appeal by defendants from an order of the district court for St. Louis county, Ensign, J., denying motion for new trial. Action for recovery of money obtained by means of false and fraudulent representations. Affirmed.

*William A. Cant*, for respondent.

*Cotton, Dibell & Reynolds*, for appellants.

CANTY, J. It appears by the undisputed evidence that the defendants agreed with plaintiff that they and he should form a partnership for the purpose of investing in certain standing and growing cedar and spruce timber; that each should be owner of an undivided one-third of the same; that plaintiff was to contribute $500 as his share of the money to be invested; and that, pursuant to the agreement, he paid that sum to defendants for that purpose on November 14, 1892. He claims that they represented to him that the St. Louis River Water-Power Company was the owner of this timber, and that they were negotiating for the purchase of the same from the company, and were about to close the deal, and pay the purchase price, $1,500, for the timber, and would use his $500 as a part of the $1,500 so to be paid. There was ample evidence to justify the jury in finding that, when defendants received plaintiff's money, they never intended or expected to purchase this timber, or use his money for that purpose, but that their representations and promises were a mere pretense and a sham, contrived by them for the purpose of obtaining possession of plaintiff's money. If this is true, the defendants were liable in an action to recover back the money a moment after they had received it. The mere receipt of the money amounted to a conversion of it by them. The principle involved is the same as when a party purchases goods with the preconceived intention of not paying for them. See F. M. Slagle & Co. v. Goodnow, 45 Minn. 531, 48 N. W. 402. That the trial court, in submitting the case to the jury, took a narrower view of plaintiff's rights, is no reason why we should do so. At the time plaintiff gave defendants his check for the $500, he received from the defendant Peterson a writing, signed by Bishop, purporting to be a bill of sale of all the cedar and spruce timber growing on three certain sections. Plaintiff claims that this was given him solely in anticipation of the closing of the deal

with the company, and as a transfer to him of his one-third interest to be acquired in the same; that defendants never claimed at that time that they had any present interest in this timber, or were selling him any part of any such interest. But the defendants made this claim in their answers, and on the trial they attempted to prove it. As part of such proof they introduced in evidence a bill of sale from one Gasper to Bishop, dated April 16, 1892, purporting to sell to Bishop all the cedar on two certain 80-acre tracts included in said three sections. Bishop was sworn as a witness, and testified on behalf of defendants as follows: "Q. At the time Mr. Gasper made this bill of sale to you, was he in possession and pretending to be the owner of the property? A. He was. He was logging there at the time,—had been there. Q. Now, Mr. Bishop, you may state whether or not you entered into possession of the timber mentioned in this, and continued in possession until you made the bill of sale to the plaintiff here. A. Yes, sir. Q. Were you in possession of it from the time of your purchase, November 14, 1892? A. I was." This is all the evidence offered that the defendants had any right or interest in the land or the timber. Plaintiff did not offer to return the bill of sale he received, or transfer back to the defendants, or either of them, the right in the timber which it purported to assign to him; but he alleges in his complaint that said bill of sale was worthless. Defendants claim that it was not worthless, but conveyed to him rights in a part of the timber of greater value than $500. We are of the opinion that defendants failed to prove that either Gasper or they had any right or title to any of the growing timber. It sufficiently appears that the land on which this timber stood was wild land. There is no evidence that either Gasper or defendants had made any improvements on it, or did any acts which would constitute possession, except that Gasper was logging on it at one time; and how much he logged does not appear. He might have cut but a log or one load of logs upon it. Under these circumstances, the statement that Gasper first, and afterwards the witness, was in possession, is a mere conclusion of the witness and of no value as evidence. Conceding, without deciding, that the burden of proof was on the plaintiff to show that the bill of sale he received was worthless, if the defendants admitted to the plain-

tiff when he received the bill of sale that the St. Louis River Water-Power Company owned all the land and the timber thereon, it is proof that the bill of sale was worthless. Whether or not defendants made this admission was a question for the jury, and whether or not the jury was properly charged as to the question we need not consider, as there was no exception which covers the point. The exception taken to the rulings on the admission of evidence and to the charge as given are wholly without merit.

This disposes of the case, and the order denying a new trial is affirmed.