IDA H. COHEN, Appellant, *v.* M. KEIZER, INC., Defendant, Impleaded with ADOLPH BRIEFF, Respondent.

First Department, February 14, 1936.

*Barney B. Fensterstock* of counsel [*John J. Cohen* with him on the brief; *Zalkin & Cohen,* attorneys], for the appellant.

*David Haar,* for the respondent.

PER CURIAM. Plaintiff established *prima facie* a right to rescind on the ground of fraud on the part of the corporate defendant, M. Keizer, Inc., the fraudulent vendee, and to seek to reclaim in an action of replevin, not only against such vendee, but also against the defendant Brieff. (*Devoe* v. *Brandt,* 53 N. Y. 462; *Stevens* v. *Brennan,* 79 id. 254; *Goodwin* v. *Wertheimer,* 99 id. 149.) It was error, therefore, to dismiss the complaint on the ground that an action in replevin would not lie. The sufficiency of the title of the defendant Brieff would depend upon whether he purchased in good faith, for value and without notice of defect of title in the corporate defendant. (Pers. Prop. Law, § 105.) The burden to show whether he took title under such circumstances was upon him. (*Stevens* v. *Brennan, supra.*)

However, his possession having been lawful and not tortious in the first instance, a demand upon him and his refusal to surrender possession before the commencement of the suit was necessary. (*Goodwin* v. *Wertheimer, supra; Converse* v. *Sickles,* 146 N. Y. 200; *Heinrich* v. *Van Wrickler,* 80 App. Div. 250.) While seemingly a technical obstruction, the rule is founded on sound reasoning. (*Employers' Fire Ins. Co.* v. *Cotten,* 245 N. Y. 102, 105.) Here there was failure of proof of such demand and refusal.

It follows, therefore, that the judgment should be modified so as to provide that the dismissal is without prejudice, and as so modified affirmed, with costs.

Present — MARTIN, P. J., McAVOY, O'MALLEY, TOWNLEY and GLENNON, JJ.

Judgment modified so as to provide that the dismissal is without prejudice, and as so modified affirmed, with costs to the respondent.