FAIRFIELD JUNIOR CORPORATION, Respondent, v. STANDARD PLATINUM Co., INC., and FREDERICK L. STRASSER, Appellants.— In an action for conversion, judgment for plaintiff unanimously affirmed, with costs. The issue here was limited to the question of conversion of the personalty by the defendants on April 5, 1939. Defendants may not obtain possession by artifice and then invoke article 10 of the Debtor and Creditor Law as justification for the act. Relief to be afforded, pursuant to section 279 of the Debtor and Creditor Law, must be molded in accordance with the circumstances presented in an action brought by a defrauded creditor or creditors. A judgment restoring the personalty to the possession of the defendants could be predicated only on a demand and refusal as a prerequisite to the maintenance of an action. (*Cohen* v. *Keizer, Inc.*, 246 App. Div. 277; *Employers' Fire Ins. Co.* v. *Cotten*, 245 N. Y. 102.) In addition, if it be assumed that article 10 of the Debtor and Creditor Law may be invoked by way of counterclaim, the defendants failed to show insolvency at the time of the transfer, an essential element, the existence of which cannot be implied as there was forbearance on the part of the innocent transferee. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

PAULINE FUCELLI, Appellant, v. JOHN L. RICE, as Commissioner of Health of the City of New York, Respondent.— Proceeding in action brought to restrain and prevent the destruction of plaintiff's dog. Order denying appellant's application for an order restraining and preventing the destruction of appellant's dog by the respondent affirmed, without costs. The respondent commissioner, acting pursuant to article 2, section 10, subdivision 4, of the Sanitary Code of the City of New York, determined in effect that the dog was " vicious to such an extent as to be unsafe to be at large," in that it had " bitten  *  *  *  various persons on three (3) separate occasions,  *  *  *  without provocation, real or imaginary," and directed its destruction. Plaintiff is not entitled to a judicial review of the commissioner's action in directing the destruction of the dog, as the commissioner's acts in this respect were not of a judicial character. (*Matter of Browne* v. *Rice*, 259 App. Div. 847; appeal dismissed, 283 N. Y. 684.) Further, if it be assumed that such judicial review is in order, the evidence before the respondent commissioner, in our opinion, warranted his action in directing the destruction of the dog. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.