Bernard Weiss, J.
Both third-party defendants move to dismiss third-party complaints in three actions on the ground that the same fail to state a cause of action, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice. The motions raise identical issues.
The defendant and third-party plaintiff, a franchised Buick agency, sold three motor vehicles under retail installment contracts which it thereafter assigned to plaintiff for value. The plaintiff is suing for damages equal to the unpaid balances by reason of the defendant’s refusal to repurchase the contracts as provided in the assignments. The actions are predicated on breach of an express warranty in the assignments, in that the named purchasers of the motor vehicles are alleged to be fictitious.
The third-party complaints allege that the third-party defendants are used car dealers and that by bills of sale allegedly executed by the purchasers named in the contracts the latter resold the vehicles to the third-party defendant Bruni, who thereafter resold the same to the third-party defendant Crest. The third-party plaintiff claims that if plaintiff recovers judgment against it on the ground that the purchasers named in the contracts were fictitious, the third-party defendants do not have good title to the vehicles and will therefore be liable to the third-party plaintiff for the amount of any such judgment, for which the third-party plaintiff seeks judgment over against the third-party defendants.
The motions turn on section 105 of the Personal Property Law: “ Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller’s defect of title.”
*164 It is not disputed that a swindler can give good title under the statute. Assuming that a voidable title passed to the third-party defendant Bruni, which had not been avoided at the time of sale, the issue is whether it is a matter of defense for the third-party defendants to allege the purchase of the vehicles 11 in good faith, for value, and without notice of the seller’s defect of title,” or whether the onus of initially alleging the absence of those statutory prerequisites to good title is upon the third-party plaintiff, in which event its complaint would be insufficient.
It is clear that the burden of proving, and therefore the burden of alleging, those conditions to valid title is upon the third-party defendants and that the third-party complaint is sufficient as it stands.
In Cohen v. Keizer (246 App. Div. 277) the Appellate Division of this Department held: ‘‘ Plaintiff established prima facie a right to rescind on the ground of fraud on the part of the corporate defendant, M. Keizer, Inc., the fraudulent vendee, and to seek to reclaim in an action of replevin, not only against such vendee, but also against the defendant Brief! [a purchaser from the vendee]. (Devoe v. Brandt, 53 N. Y. 462; Stevens v. Brennan, 79 id. 254; Goodwin v. Wertheimer, 99 id. 149.) It was error, therefore, to dismiss the complaint on the ground that an action in replevin would not lie. The sufficiency of the title of the defendant Brief! would depend upon whether he purchased in good faith, for value and without notice of defect of title in the corporate defendant. (Pers. Prop. Law, § 105.) The burden to show whether he took title under such circumstances was upon him. (Stevens v. Brennan, supra.) ”
In Devoe v. Brandt (53 N. Y. 462, 465) cited in Cohen (supra) the Court of Appeals, held: “We may assume then that these goods were fraudulently purchased. No title then passed, and the vendor can retake them from any one but a bona fide purchaser. is Brandt such a purchaser Í The goods are found in his possession, and it rests with him to show that he is a bona fide purchaser thereof.”
In Stevens v. Brennan (79 N. Y. 254, 258), also cited in Cohen (supra), the same court held: “ And in a suit by the true owner to recover the goods against a person who claims title under the fraudulent vendee, the burden is upon the party claiming such title of proving that he is a purchaser in good faith and for value.”
The motions to dismiss are denied, with leave to the third-party defendants to answer within 10 days after service of a copy of this order, with notice of entry.