■ COMMERCIAL TRADING COMPANY, INC., Respondent, v. POTTER SECURITIES CORPORATION et al., Defendants, and PHILLIP J. MCNELLIS, as Trustee in Bankruptcy of POTTER SECURITIES CORPORATION, and Others, Bankrupts, Intervenor-Appellant.— Order unanimously modified in accordance with the Memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: The defendant trustee in this action by way of counterclaim alleges that the plaintiff received payments from the bankrupt Potter while he was insolvent within the meaning of section 271 of the Debtor and Creditor Law, which payments were without a fair consideration as defined by section 272 of the Debtor and Creditor Law so as to render such payments fraudulent as to creditors under section 273 of the Debtor and Creditor Law. The trustee having the burden of proof on the issue of insolvency the plaintiff contends it is entitled to particulars on the details of each debt creating the insolvency on each of 209 occasions that a payment was made to it. The trustee clearly has the burden of proving insolvency. (*Fairfield Junior Corp.* v. *Standard Platinum Co.*, 260 App. Div. 935.) Plaintiff concedes that the 209 statements

would be repetitious, burdensome and unnecessary and it now asserts only a demand for statements over reasonable periods of time. Particulars as to the plaintiff's demand should be limited to year-end statements from 1958 through 1962 stating the amount of each obligation, name of obligee and nature of the consideration provided for each obligation. Plaintiff urges particularly the requirement of a detailed description of the precise nature of the obligations owed to the plaintiff and certain other individuals, all of whom are defendants in actions where in the trustee seeks to avoid obligations asserted as being without lawful consideration and in fraud of creditors. Section 271 of the Debtor and Creditor Law requires only "probable liability on * * * existing debts" not absolute liability and as long as they are not voided by a court they can properly be considered as obligations for purposes of this action. A detailed description of the consideration for obligations of the various named creditors being beyond the scope of proof required of the trustee to establish insolvency would not be a reasonable requirement. The order should be modified to provide that the trustee shall supply particulars not heretofore furnished as to the liabilities of Donald S. Potter as of December 31, 1958, December 31, 1959, December 31, 1960, December 31, 1961, December 31, 1962, including the amount of each liability, the name of the obligee, the nature of the consideration paid by the obligee to Donald S. Potter which gave rise to the liability and which supports the debt as a legal liability of Donald S. Potter and whether or not such liability of Donald S. Potter was fixed or contingent. (Appeal from order of Onondaga Special Term granting plaintiff's motion to compel disclosure and to respond to plaintiff's demand for bill of particulars.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.