■ In the Matter of WILLIAMSVILLE SOUTHEAST AMHERST HOMEOWNERS ASSOCIATION, INC., et al., Appellants, v HISTORICAL SQUARE APARTMENTS, INC., Respondent. (Appeal No. 3.)—Judgment unanimously reversed, without costs, and motion denied. Same memorandum as in *Matter of Williamsville Southeast Amherst Homeowners Assn. v Sharpe* (77 AD2d 812). (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■ EDWARD M. ZACHARY, as Trustee of DONALD S. POTTER, Bankrupt, Appellant, v COLUMBIA UNIVERSITY, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: The trustee in bankruptcy had the burden of proving that certain transfers of money made to Columbia University were fraudulent according to the New York State Debtor and Creditor Law *(Commercial Trading Co. v Potter Securities Corp.,* 26 AD2d 761). Since the evidence shows that the transfers were made for fair consideration, they were not fraudulent and cannot be recovered by the trustee, (Appeal from judgment of Onondaga Supreme Court—bankrupt's assets.) Present—Cardamone, J. P., Callahan, Doerr and Moule, JJ.

■ THOMAS J. LOWERY, JR., et al., Doing Business as LOWERY & MANCUSO, Respondents, v WILLIAM H. SPECTOR et al., Respondents, and JOSEPH SPECTOR, as Trustee of SPECTOR EMPLOYEES PROFIT SHARING TRUST, Appellant.—Order unanimously affirmed, with costs. Memorandum: Appellant is the trustee of the Spector Employees Profit Sharing Trust, a fund established by Solomon Spector in 1955 but amended and restated in 1976 to conform to the provisions of the Federal Employees Retirement Income Security Act (ERISA). It is a qualified retirement plan under the Internal Revenue Code. Since Solomon's death in 1978, the plan is subject to termination with distribution by lump-sum payment of the principal to the beneficiaries. One of the beneficiaries is Solomon's son, defendant William Spector. Appellant seeks to pay over one quarter of the principal to defendant William Spector, but it has been served with a restraining notice by plaintiffs, his judgment creditors. Defendants moved to vacate the restraining order and plaintiffs moved for turnover of the funds. Appellant concedes that he would satisfy plaintiffs' judgment from the trust funds but for the provisions of ERISA (see 6 Weinstein-Korn-Miller, NY Civ Prac, par 5205.22). He contends that the funds are exempt from assignment or alienation under the provisions of that law. Special Term denied the motion to vacate the restraining notice and ordered the turnover of funds to satisfy the judgment. We affirm. We find nothing in the provisions of Federal law prohibiting a levy on trust funds once the trust has terminated and the principal is available for distribution (see, also, *National Bank of North Amer. v International Brotherhood of Elec. Workers Local No. 3, Pension & Vacation Funds,* 69 AD2d 679; see, contra, *Helmsley-Spear, Inc. v Winter,* 74 AD2d 195). (Appeal from order of Onondaga Supreme Court—attorney's fees.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.