FLETCHER, *Trustee, &c., Appellant*, v. DRATH.

1. **Verdict of Jury** CONCLUSIVE UPON WEIGHT OF EVIDENCE. The verdict of the jury, upon the weight of evidence, is, in this court, regarded as conclusive.

2. **Caveat Emptor** APPLICABLE WHERE PERSONAL PROPERTY IS NOT IN POSSESSION OF THE PARTY CLAIMING SAME. The doctrine of *caveat emptor* applies to one advancing money and taking a deed of trust upon personal property, not in the possession of the grantor in the deed of trust, but in the possession of a third party.

3. **Fraud**: ESTOPPEL. A relinquishment of title to personal property obtained by imposition, is of no effect, and where such a relinquishment was so obtained from one who had purchased certain mules and wagons, but they were left in his possession, he was not estopped from showing the fraud as against one who subsequently advanced money on the security of the property to the former owner of it, but who neither knew of the relinquishment, nor received possession of the property. The doctrine that where one of two innocent parties must suffer, that one must be the sufferer who gave occasion to the wrong, has no application to such a case.

*Appeal from Johnson Circuit Court.*—Hon. F. P. WRIGHT, Judge.

In this suit plaintiff claimed the possession of specific personal property. Henry M. Malone was, originally, the owner, and in possession of the property. Both parties claimed title directly from him; the plaintiff, as trustee, under a deed of trust, executed, to secure advances made and to be made to him, dated September 6th, 1871, and under authority from him, contained in an instrument of writing dated November 4th, 1871, to take possession of the property; the defendant, under a bill of sale, dated and executed March 18th, 1870, and possession of the property from that time until the commencement of the suit. To destroy the effect of the bill of sale under which defendant claimed, plaintiff offered in evidence a receipt for $1,800, dated April 27th, 1871, and signed by defendant, purporting to annul the bill of sale, and relinquish all rights to the property. Defendant claimed, however, that this receipt was fraudulently obtained by Malone. Other facts appear in the opinion of the court.

*Graves & Wood* for appellant.

1. Defendant is estopped from denying that the release or receipt is valid as to this plaintiff. It was his duty to know the contents thereof, and he cannot now be heard to plead his ignorance, so far as to injure this plaintiff

who is an innocent party. *Capital Bank v. Armstrong*, 62 Mo. 67 ; *Trigg v. Taylor*, 27 Mo. 245.

*Crittenden & Cockrell* for respondent.

1. This court will not disturb a verdict after a refusal to grant a new trial on the ground that the evidence does not support the verdict, except in cases where gross wrong has been done. *State v. Anderson*, 19 Mo. 246 ; *Price v. Evans*, 49 Mo. 396 ; 3 Central Law Journal 752.

2. That possession is *prima facie* evidence of ownership, is one of the oldest principles of law. Law 5th of table 6, of the twelve tables of Roman law, provided that "In litigated cases the presumption shall always be on the side of the possessor." Cooper's Justinian, page 660, (appendix); 60 Pa. St. 384.

3. Malone conveyed to plaintiff only such title as he possessed. Not being in possession, the maxim, *caveat emptor*, applies. Kent's Comm., Vol. 2, p. 608, side page 478; Cooper's Justinian, Lib. 2, Tit. 6, Sec. 2, p. 97 : *Spaulding v. Brewster*, 50 Barb. 142.

NAPTON, J.—This suit depends solely on questions of fact, on which the evidence is very contradictory. There were two trials of the case, in the first of which the jury did not agree, and in the second a verdict was found for defendant.

The question was between two railroad contractors, as to the title to certain mules and wagons. These contractors had been in partnership in Kansas, and it was natural that the witnesses, who were teamsters for one or the other, should differ as to the question of possession. The jury was competent to decide this, where the evidence was conflicting, and they did so. It is not clear that this court could have determined the facts more correctly—but it is certain that this court will only review the finding of a jury, when the judge, presiding at the trial, has given improper instructions. Where no evidence is submitted,

having any tendency to establish the plaintiff's case, the judge superintending the trial may give such directions as will necessarily lead to a non-suit. So far, his competency is recognized—but upon the weight of evidence submitted on both sides, the determination of the tribunal selected by the law to determine this, is conclusive. Juries are supposed to be the best tribunals to try questions of fact.

In this case, the only question of law submitted to the court, related to the validity of a paper signed by the defendant, Drath, resigning his title to the property in controversy to Malone, the grantor in the deed of trust, which, if genuine, would, of course, have had a material influence in the determination of the case for the plaintiff. The instruction given by the court, was as follows:

"If the jury believe, from the evidence, that prior to and on the 18th of March, 1871, Henry M. Malone was the owner and in possession of the property sued for, and on said 18th of March, in consideration of eighteen hundred dollars, owing by said Malone, sold and delivered said property to defendant, Drath, and that said defendant, Drath, has, since said purchase, remained in possession of the same up to the commencement of plaintiff's action, then the jury will find for the defendant. And if the jury believe, from the evidence, that said Malone did so sell and deliver said property to the defendant, then the law presumes that said Drath continued in possession thereof, and the burden of proof is on plaintiff to show to the satisfaction of the jury that the ownership of said property was transferred back from Drath to Malone, prior to said 6th of September, 1871; and, although the jury may believe that the name of Adam Drath, to the paper read in evidence by the plaintiff, dated April 27, 1871, and purporting to be a receipt from Drath to said Malone, and resigning said property back to said Malone, is the genuine signature of said Drath, yet, if the jury believe, that the defendant is of foreign birth and unable to read writing in the English language, and that said Malone procured his signature thereto

after night, by representing to said defendant that said writing was an order on his lawyer to pay over to said Malone, money collected from one Welchwood, the jury will disregard such evidence, &c."

The propriety of the instruction will be better understood by stating that there were two papers in regard to this property, submitted in evidence—one dated at Marysville, in Kansas, and on the 18th of March, 1870, purporting to be a receipt from the defendant, Drath, by Malone, of the sum of eighteen hundred dollars, in full of . the property now sued for, and filed for record at Carrollton, Carroll county, Mo., on the 8th of June, 1871. The other was dated Carrollton, Carroll county, Missouri, April 27, 1871, and is as follows: "Received of Henry M. Malone, the sum of eighteen hundred dollars as cash, forwarded on property and stock belonging to him, and in the firm of Malone & Drath, the same bill of sale, mortgage or note of property to be marked null and void. I resign Henry M. Malone's property back into his own hands, this day and date written. Witness my hand and official seal, Adam Drath." There was evidence to show that this last paper, signed by Drath, was procured by fraud—and whether this was so or not, was purely a question for the jury, and certainly the court properly instructed the jury to disregard it, if they were satisfied that Drath was imposed upon. The doctrine invoked against the instruction, that where one of two innocent parties must suffer, that one must be the sufferer who gave occasion to the commission of the wrong, has no application to such a case. The case was not one of negotiable securities, nor did it appear that the plaintiff had any information, whatever, in regard to either of these papers. One of the papers had been recorded—but that gave it no additional validity, and the other, the one supposed to be a fraud, was not recorded at all; nor did the trustee, so far as appears, know of its existence. The plaintiff was, it is presumed, governed by the fact of possession, on which, if he had not been mistaken, according to the

finding of the jury, he might have safely relied. The alleged relinquishment of Drath had no tendency, what-ever, to mislead him, inasmuch as he knew nothing of it, and it was not a paper of which he was bound to take notice.

The judgment must be affirmed; the other judges concur.

AFFIRMED.