MARIETTA R. STEVENS et al., Executors, etc., Appellants, *v.* MARGARET M. BRENNAN, Administratrix, etc., Respondent.

Where a sale of goods has been induced by fraud on the part of the vendee, the vendor may reclaim and retake them from the possession of any one, except a transferee in good faith, and for a valuable consideration paid at the time of the transfer.

A transfer by the fraudulent purchaser, as security for or in payment of a precedent debt, does not make the transferee a *bona fide* purchaser within the rule, so as to enable him to hold the goods against the original vendor.

In a suit by such vendor to recover the goods from one claiming title under the fraudulent vendee, the burden is upon the latter of showing that he is a purchaser in good faith and for value.

H. Bros., induced by fraudulent representations of S., sold to him a quantity of furniture, which was retaken by B., defendant's intestate, as sheriff, by virtue of a requisition in an action of replevin, brought by the vendors against the fraudulent vendee. In an action for the alleged unlawful taking and conversion of the property, plaintiffs' testator claimed title under a bill of sale from S. and wife which recited a consideration. No other proof of consideration was given. Defendant proved by the wife of S. that no consideration was paid at the time the bill of sale was executed, and the only inference if any which could be drawn from the testimony was, that the bill of sale was taken in payment or as security for a precedent debt. *Held*, that the complaint was properly dismissed; that if the recital in the bill of sale was any evidence as against the sheriff or H. Bros., the evidence of Mrs S. destroyed any presumption arising therefrom.

Plaintiff's counsel asked to go to the jury on the question of possession at the time the goods were taken by the sheriff, which was denied. *Held*, no error; that the question as to the possession of the goods was not important, as, if in possession of plaintiffs' testator, the sheriff, acting for H. Bros., had a right to take them unless the former was a *bona fide* purchaser for value.

To the question asked Mrs. S. as to whether any money was paid by plaintiffs' testator when the bill of sale was given, plaintiffs' counsel interposed a general objection, which was overruled and exception taken. *Held*, that the exception did not present the question as to the competency of the witness to testify under section 399 of the Code of Procedure.

A general objection to a question can only be considered as applying to the competency or materiality of the point sought to be proved, and not to the competency of the witness to testify upon the subject.

(Argued December 8, 1879; decided December 16, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York in favor of defendants, entered upon an order overruling exceptions, and directing judgment on an order dismissing the complaint on trial.

This action was brought originally by Paran Stevens, as plaintiff, against Matthew T. Brennan, as sheriff, to recover damages for the alleged unlawful taking and conversion of a quantity of furniture. Both of the original parties having died during the pendency of the action, the present parties were substituted.

The furniture in question was sold by Herter Bros. to E. A. Stevens; the sale was induced by fraudulent representations on the part of Stevens as to his responsibility. On learning of the fraud Herter Bros. demanded the property, and on refusal of Stevens to surrender it, commenced an action of replevin. Brennan, as sheriff, under and by virtue of a requisition issued in said action, took possession of the property, which was the taking complained of.

Plaintiff claimed title under a bill of sale from E. A. Stevens and his wife, which expressed a consideration of $2,500.43. The premises in which the furniture then was were leased by said E. A. Stevens of Paran Stevens. A

formal surrender of the lease was executed the day the bill of sale bears date. At that time said lessee owed two months rent. No proof of any consideration for the bill of sale was given on the part of plaintiff, other than the recital therein. Mrs. E. A. Stevens, as a witness for defendant, was asked whether she or her husband received any money at the time the bill of sale was given. This was objected to generally. Objection overruled and exception. She answered that they did not, and in substance that no consideration was paid by Paran Stevens at the time.

At the close of the evidence defendant's counsel moved for a dismissal of the complaint. Plaintiffs' counsel asked to go to the jury on the question of possession of the property at the time it was taken by the sheriff. This the court refused, and granted defendant's motion, to which rulings plaintiffs' counsel duly excepted. Exceptions were ordered to be heard at first instance at General Term.

*John E. Burrill*, for appellants. The replevin proceedings were no justification for taking the property in question as at that time it was in the actual possession of plaintiffs' testator. (*Otis* v. *Williams*, 70 N. Y., 208; *Bullis* v. *Montgomery*, 50 id., 352; *King* v. *Orser*, 4 Duer, 431; *Harkins* v. *Kelly*, 1 Abb. [N. S.], 63.) If the replevin proceedings were a justification defendant was entitled to the verdict, if not plaintiffs were entitled to recover. In neither case could the question of title be tried. (*King* v. *Orser*, 4 Duer, 434–438; *Otis* v. *Williams*, 70 N. Y., 208.)

*H. W. Bookstaver*, for respondent. Herter Bros.' title to the property, notwithstanding the delivery, was good as against every one but a *bona fide* purchaser for a valuable consideration. (*Root* v. *French*, 13 Wend., 570; *King* v. *King*, 8 Bosw., 603; *Tallman* v. *Turck*, 26 Barb., 167; *Nichols* v. *Michael*, 23 N. Y., 264; *Wilson* v. *Foree*, 6 J. R., 110; *Acker* v. *Campbell*, 23 Wend., 372; *Russell* v. *Minor*, 22 id., 659.) If it is assumed that the consideration of the

bill of sale was past due rent, then Paran Stevens was not a *bona fide* purchaser for value so as to defeat the rights of Herter Bros., the owners of the property. (*Weaver* v. *Barden*, 49 N. Y., 286; *Laurence* v. *Clark*, 36 id., 129; *Bay* v. *Coddington*, 20 J. R., 637; *Acker* v. *Campbell*, 23 Wend., 372; *Manhattan Co.* v. *Everton*, 6 Paige Ch., 457; *Tallman* v. *Turck*, 26 Barb., 167; *Bullis* v. *Montgomery*, 50 N. Y., 352; *Edgerton* v. *Ross*, 6 Abb., 189; *McCann* v. *Thompson*, 13 How., 380; *Aldrich* v. *Ketcham*, 3 E. D. Smith, 577.) The plaintiffs in the replevin suit—Herter Bros. having rescinded the contract for the admitted fraud—were entitled to take the goods from any one, except one who had acquired a complete title by purchase, for a valuable consideration, and by actual and exclusive possession. (*Sturtevant* v. *Ballard*, 9 J. R., 337; *Jennings* v. *Carter*, 2 Wend., 446; *Murray* v. *Burtis*, 15 id., 212; *Randall* v. *Cook*, 17 id., 53; Bump on Fraud. Con., 135.) The sheriff, representing the owners of the property in this case, is entitled to all the presumptions raised by rules of law and of evidence in favor of creditors, including that in relation to the change of possession of property claimed. (*Stout* v. *Rappelhagen*, 51 How., 75; *Randall* v. *Parker*, 3 Sandf., 69; *Adams* v. *Davidson*, 10 N. Y., 312; *Griswold* v. *Sheldon*, 4 id., 592; *Boyd* v. *Dunlap*, 1 J. Ch., 478–484; *Jones* v. *O'Brien*, 36 Supr. Ct., 58.) The burden of proof rested on the plaintiffs, to show the transfer was made in good faith and for a valuable consideration. (*Tift* v. *Barton*, 4 Denio, 171; *Curd* v. *Lewis*, 7 Gratt., 185.) The return of the sheriff to the claim and delivery proceedings in the original action of Herter Bros., was one he was by law required to make. (Code of Procedure, § 217.) As such it is conclusive on all the parties to this action, as to the possession of the property, and cannot be assailed by the plaintiffs. Their remedy would be by an action for a false return. (*Putnam* v. *Man*, 3 Wend., 202; *Allen* v. *Martin*, 10 id., 300.) In order to prove the *mala fides* of a transfer of property, facts and circumstances may be given in evidence which together tend

to show this, though separately stated they would be imma-
terial. (*Chapman* v. *O'Brien*, 34 Supr. Ct., 524.)   Parol
evidence may be given to show insufficient or want of con-
sideration in a written instrument. (*Clinton* v. *Estes*, 20
Ark., 216; *Wheeler* v. *Billings*, 38 N. Y., 263; *Rosboro* v-
*Peck*, 48 Barb., 92.)

ANDREWS, J.   Herter Bros., by reason of the fraud of E.
A. Stevens, could reclaim the furniture and retake it from
his possession, or from the possession of any one except a
transferee in good faith and for a valuable consideration.
A transfer of goods by a fraudulent purchaser as security
for or in payment of a precedent debt does not make the
transferee a *bona fide* purchaser within the rule so as to
enable him to hold the goods against the original vendor.
There must be a fresh consideration at the time of the trans-
fer to confer a good title as against the true owner. (*Root*
v. *French*, 13 Wend., 570; *Weaver* v. *Barden*, 49 N. Y.,
286.)   And in a suit by the true owner to recover the goods
against a person who claims title under the fraudulent vendee,
the burden is upon the party claiming such title of proving
that he is a purchaser in good faith and for value.

The defendant's intestate took the goods in question upon
the requisition of Herter Bros. made in the replevin proceed-
ings against E. A. Stevens the fraudulent purchaser, from
the house which he occupied, but from which he was
temporarily absent at the time the sheriff took the property.
The defendant's intestate was not a trespasser in entering the
house to execute the writ.   He was admitted by some person
therein and he had, by virtue of the direction of Herter Bros.
indorsed on the affidavit in the action, the same right as they
would have had to take the furniture in question.   Upon the
trial the plaintiff produced as the source of his title to the
property, a bill of sale, executed by E. A. Stevens and his
wife, which recited a consideration, but gave no proof of
consideration independent of the recital in the instrument.
The defendant on his part established by the admission of the

plaintiff on the trial and by other evidence, the fraud of E. A. Stevens in obtaining the goods, and it was shown by the testimony of the wife of E. A. Stevens that no consideration was paid by the plaintiff at the time the bill of sale was executed, and the only inference, if any, which can be drawn from the evidence in favor of the existence of a consideration is that the bill of sale was taken in payment for, or as security for a debt owing by E. A. Stevens to the plaintiff. The defendant's counsel at the conclusion of the evidence moved. to dismiss the complaint, whereupon the plaintiff's counsel asked to go to the jury on the question of plaintiff's possession of the property when it was taken by the defendant's intestate. The court refused to submit that question to the jury and dismissed the complaint.

There was no error in this disposition of the case. The question in whose possession the goods were at the time they were taken by the sheriff, was, as the case stood, unimportant. If they were in the possession of the plaintiff, Herter Bros., or the sheriff acting for them, had a right to take them unless the former was a *bona fide* purchaser for value. And if the recital of a consideration in the bill of sale was any evidence thereof as between the plaintiff and the sheriff or Herter Bros., the evidence of Mrs. Stevens, which was not denied or contradicted, destroyed any presumption arising from the recital, and a verdict of the jury finding that there was any new contemporaneous consideration, would not have been justified. As the case stood, therefore, when the motion to dismiss was granted, it appeared that Herter Bros. had a good title to the furniture with the right of possession, and the taking by the sheriff, by their direction, was justified.

The plaintiffs' counsel, on the trial, interposed a general objection to a question put to Mrs. Stevens whether any money was paid by the plaintiffs when the bill of sale was given. The objection was overruled and exception taken. No ground of objection was specified, and it is now claimed that she was incompetent to testify on the point to which the question related under section 399 of the Code. The

general objection could only be considered as applying to the competency or materiality of the evidence and not to the competency of the witness to testify upon the subject. *Non constat* if the objection had been put on that ground, the fact would have been proved by other witnesses.

The judgment should be affirmed.

All concur.

Judgment affirmed.