BELKNAP.

---

## Sleeper & a. v. Davis & a.

The purchaser of goods from one who obtained possession of them by a fraudulent purchase cannot hold them against the original vendor when the consideration of the sale to him was an antecedent debt which he held against the fraudulent vendee.

The owner of goods, which have been obtained from him by means of a fraudulent sale, may maintain replevin for a portion of them against one who has purchased them from the fraudulent vendee, upon the consideration of an antecedent debt, and, at the same time, assumpsit against the fraudulent vendee to recover the price of another portion which such vendee has sold and received the avails of.

REPLEVIN for goods bought from the plaintiffs by one Nellie Davis, and by her sold to the defendants. Facts agreed. The plaintiffs claim to hold the goods on the ground that they were purchased with a fraudulent intent on the part of said Nellie Davis of not paying for them, which entitled the plaintiffs to rescind the sale. The officer found a portion of the goods, and delivered them to the plaintiffs. A few days after, the plaintiffs brought an action of assumpsit against Nellie Davis to recover the price of that portion of the goods not taken on the replevin writ; and judgment has been entered in this suit upon default, for the price of the goods, less the value of those taken on the replevin writ. The consideration of the sale by Nellie Davis to the defendants was an antecedent debt due from her to them. The defendants claim that the plaintiffs, by bringing the action of assumpsit and taking judgment, precluded themselves from maintaining this action. The cause is to stand for trial unless the court hold that the defendants are entitled to judgment on the above facts.

*E. A. Hibbard* and *S. C. Clark,* for the plaintiffs.

*T. J. Whipple,* for the defendants.

ALLEN, J.   The fraudulent purchase of the goods by Nellie Davis entitled the plaintiffs to rescind the contract of sale and recover them as their own by an action of replevin, or their value by an action of trover. The same right existed in favor of the plaintiffs against the defendants, who purchased and took the goods of the fraudulent vendee, unless the purchase was made in good faith by the defendants' relying on their vendor's apparent title, with no notice of the fraud, and for a valuable consideration paid at the time.   *Bradley* v. *Obear,* 10 N. H. 477; *Kingsbury* v. *Smith,* 13 N. H. 109; *Farley* v. *Lincoln,* 51 N. H. 577.   The action of assumpsit against the vendee was brought after the replevin suit, and was for the price of the goods not replevied. Having rescinded the contract of sale, and not finding all the goods so as to take them in replevin, the plaintiffs might have sued in trover for the conversion of the remainder. The vendee having disposed of the goods for her own benefit, the plaintiffs might waive the tort and maintain assumpsit for the proceeds, not upon the original contract of sale which has been rescinded, but upon the implied promise to pay for property wrongfully appropriated.   *Mann* v. *Locke,* 11 N. H. 248; *Smith* v. *Smith,* 43 N. H. 536.   If by the action of assumpsit the plaintiffs affirmed the sale to the defendants, it was only an affirmance of the sale of those goods the price of which was sought to be recovered in the suit, and did not affect the plaintiffs' right to further prosecute their suit against the defendants for the other goods taken in replevin. The action of assumpsit was not a revocation of the rescission of the contract of

sale, nor a waiver nor a release of the right of action against the defendants for the goods replevied, and is not a good ground of defence to this suit.

The vendee of the goods had title and possession, and, before the contract was avoided for fraud, could make to an innocent purchaser for value a sale in which he would be protected against the claim of the first vendor. Benj. Sales, ss. 648, 649; *Kingsbury* v. *Smith* and *Farley* v. *Lincoln, supra.* The consideration for the defendants' purchase was an antecedent debt claimed to be due them from the plaintiffs' vendee, and the plaintiffs claim that the purchase, for that reason, was not one for value.

The defendants at the time of the sale to them paid nothing. They received the goods in satisfaction of what they had before paid, and not upon the strength of any new consideration or value then parted with. The right thus acquired was not, in equity, superior to the plaintiffs' right of reclaiming the goods for fraud in the sale, and the advantage the defendants gained by their transaction could not equitably be retained against the plaintiffs. If of the two innocent parties the plaintiffs clothed the fraudulent vendor with title and possession of the goods, on the strength of which she could, until the contract was avoided, sell to the defendants, they do not suffer by the plaintiffs' rescission of the contract of sale and recapture of the goods; for, to the extent of the value of the goods retaken, the debt which the vendee attempted to pay to the defendants would not be discharged, and to that extent they are left in the position they were in before the transaction. By the plaintiffs' recapture of their goods the defendants lose nothing which they are entitled to retain.

In *Kingsbury* v. *Smith, supra,* the consideration for the sale of the property, of which a title was fraudulently obtained, was a debt due the purchaser and an overcoat delivered at the time, and upon the ground that the purchaser took the property in good faith, without notice of the fraud, and that the overcoat was a sufficient consideration for the purchase, the decision was that the purchaser was protected in his claim against that of the original vendor. It was not decided that the discharge of the debt made the purchase *bona fide,* and one for value; and there is nothing in the opinion which shows that had the debt been the sole consideration the decision would not have been in favor of the defrauded vendor.

In other jurisdictions it has been decided that the purchaser of goods from a fraudulent vendee cannot maintain his claim to the goods against the right of the original vendor, as that of a *bona fide* purchaser for value, when the consideration of his purchase is merely the discharge of an antecedent debt. *Barnard* v. *Campbell,* 58 N. Y. 73, 76; *Stevens* v. *Brennan,* 79 N. Y. 254, 258; *Fletcher* v. *Drath,* 66 Mo. 126; *Poor* v. *Woodburn,* 25 Vt. 235; *Sargent* v. *Sturm,* 23 Cal. 359. The assignee of the fraudulent vendee

in insolvency, taking the assignment for the benefit of the insolvent's creditors, could not maintain his right to the goods against the demand of the original owner, who by fraud had been induced to give a title (*Farley* v. *Lincoln*, 51 N. H. 577, *Bussing* v. *Rice*, 2 Cush. 48); nor could an assignee of the fraudulent vendee in bankruptcy retain the goods against the claim of the defrauded vendor. *Donaldson* v. *Farwell*, 93 U. S. 631; *Montgomery* v. *Machine Works*, 92 U. S. 257. If the defendants had given their note for the price of the goods instead of receiving them in discharge of a debt, they could not resist the plaintiffs' claim unless they had paid the note before the plaintiffs rescinded the contract. *Matson* v. *Melchor*, 42 Mich. 477. If they had received the goods in pledge as collateral security for their debt, or a mortgage of them for the same purpose, the pledge and mortgage could not be upheld against the plaintiffs' claim. *Poor* v. *Woodburn*, *supra*. If the defendants had attached the goods upon a suit for the recovery of their debt, the attachment would be no bar to the plaintiffs' right of recovery. *Bradley* v. *Obear*, 10 N. H. 477; *Buffington* v. *Gerrish*, 15 Mass. 156; *Wiggin* v. *Day*, 9 Gray 97. And if they had obtained judgment in their suit, and purchased the property at an execution sale, they could not maintain their right to it against the plaintiffs' claim. *Devoe* v. *Brandt*, 53 N. Y. 462, 466. If the defendants could not have maintained their right to the goods upon an attachment made to secure their debt before the rescission of the contract of sale by the plaintiffs, for reasons at least equally strong they could not receive the goods in payment of the same debt and hold them against the plaintiffs' right of recapture in replevin. What they could not hold taken by lawful process, they cannot claim to hold when taken voluntarily with the consent of the vendee for the same purpose.

According to the terms of the agreed case, the cause must stand for trial.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.