Pratt, J.
This is an appeal from a judgment entered upon the report of a referee in a proceeding to enforce a claim against the estate of a person deceased.
We think the practice pursued at special term was correct under the authority of Young v. Cuddy (23 Hun, 249). In that case the question is fully discussed in the opinion of Mr. Justice Gilbert, and the principles there laid down must be regarded as binding until they are overruled by the court of appeals.
The objection to the testimony of Mrs. Eno was not sufficiently specific to raise the question whether the witness was incompetent to testify under section 829 of the Code of Procedure. It does not appear that the attention of the referee was in any way called to the point that the witness, being interested, was incompetent to testify to personal transactions with the deceased.
The objection as made can only be considered as relating to the materiality ■and competency of the evidence, and not to the competency of the witness to testify on the subject. Stevens v. Brennan, 79 N. Y., 254.
The 'defendant, not having specifically raised the point upon the trial, is precluded of raising it upon appeal. Clark v. Bruce, 12 Hun, 272; Somerville v. Crook, 9 id., 664.
There was sufficient evidence of the services rendered to sustain the report upon this point, and we see no valid objection to the method of proving the value.
It is quite clear that a professional nurse is the proper person to speak as to. the value of such services and it is always competent to ask such a witness hypothetical questions based upon evidence already in the case.
Neither was the objection to the proof of the lease well taken. Laws of 1883, chap. 195, p. 200.
The proof is abundant to sustain the report, and we find no error committed upon the trial sufficient to warrant the setting aside of the judgment.
Judgment affirmed with costs
Barnard, P. J., and Dykman, J., concur.