LEVI A. FULLER, as RECEIVER OF THE PROPERTY, ETC., OF THE LATE FIRM OF C. BRENNAN & CO., PLAINTIFF, *v.* JOHN CLAFLIN AND OTHERS, DEFENDANTS.

*Sale of goods to arrive in a vessel — delivery thereof — right of a vendee over the right of a receiver subsequently appointed.*

On August 31, 1888, Thomas K. Foster, one of the members of the firm of C. Brennan & Co., executed an agreement which read as follows:

"NEW YORK, *August 31, 1888.*

" For value received we hereby sell and transfer to H. B. Claflin & Co. 150,000 cocoanuts and ten tons of ivory nuts, to arrive in the schooner Mary C. Decker from San Blas, U. S. C. " C. BRENNAN & CO."

Subsequently the super-cargo of the schooner was directed, by telegraph, to have the consignment made out to the defendants H. B. Claflin & Co.

On the day of the execution of the bill of sale the firm of C. Brennan & Co. were indebted to the defendants, and suits had been instituted for the recovery of said indebtedness, which were then pending. The defendants agreed to suspend further proceedings therein and to advance sufficient moneys to dis charge the boat on her arrival.

The defendants, on the arrival of the goods, on October 16, 1888, obtained possession of the property described in the bill of sale, and refused to deliver the same to the plaintiff, who had been appointed a receiver of the firm of C. Brennan & Co., on September 15, 1888, in an action commenced on September fourteenth.

*Held,* that the consideration for the bill of sale was ample and sufficient.

That, although it appeared that the goods were not in the schooner at the date of the bill of sale, yet as they were in the hands of the agent of the firm of C. Brennan & Co., or on their way thither consigned to the defendant, in accordance with the telegraphic instructions to that effect, as perfect a delivery as the circumstances of the case allowed of was made.

That, even if it was admitted that the sale was not complete in all essentials, still, as the defendants had given a valuable consideration for the instrument in question, they had priority of right over the receiver appointed subsequently, under the principle of law *" qui prior est in tempore potior est in jure."* (PRATT, J., dissenting.)

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to sections 1279–1281 of the Code of Civil Procedure.

The defendants are and were copartners in business at the time hereinafter mentioned.

Prior to September 14, 1888, Kate M. Shiells, Thomas K. Foster and Horace W. Campbell had been engaged for a year or more under the firm name of C. Brennan & Co., in the cocoanut business and in buying goods of this defendant and other parties, which they shipped to San Blas and other ports of Central America.

In August, 1888, the firm of C. Brennan & Co. failed to meet its liabilities to the defendants, and a suit was begun against the firm by them claiming several thousands of dollars, and other suits were commenced after the appointment of the plaintiff as receiver, which resulted in judgments against C. Brennan & Co. by default. An agreement selling to the defendant's 150,000 cocoanuts and ten tons of ivory nuts, to arrive in a schooner from San Blas, set forth in full in the opinion, was delivered on the day it bears date at the office of the attorney of the defendant firm, as a security for the indebtedness of C. Brennan & Co., to the defendants, and upon an agreement on the part of the defendants to suspend further proceedings in the pending actions to recover their claim and to advance sufficient moneys to discharge the boat on her arrival, all of which have been performed by the defendants.

On September 14, 1888, Kate M. Shiells brought a suit against Foster and Campbell to dissolve the partnership of C. Brennan & Co., and upon that day obtained and served an injunction upon defendant Foster. On September 15, 1888, the plaintiff was appointed the receiver, and on September 19, 1888, his bond was duly proved and filed. After the arrival of the Mary C. Decker,

the plaintiff, in November, 1888, duly demanded the said cargo from the defendants, to whom it had been consigned and delivered, and they refused to deliver it, claiming to hold it under the instrument dated August 31, 1888, above referred to.

*C. H. Hess,* for the plaintiff.

*S. F. Kneeland,* for the defendant.

BARNARD, P. J. :

It is fully settled that one member of a partnership may sell, hypothecate or otherwise dispose of the property, securities or effects of the firm. Thomas K. Foster, one of the members of the firm of C. Brennan & Co., consequently had the power to make the sale to H. B. Claflin & Co. The question in this case is reduced to the consideration of the fact whether or not the instrument, dated August 31, 1888, executed by Foster, was sufficient and adequate by its terms to transfer to the vendees the title to property therein referred to. Said agreement reads as follows :

"NEW YORK, *August* 31, 1888.

"For value received we hereby sell and transfer to H. B. Claflin & Co. 150,000 cocoanuts and ten tons of ivory nuts, to arrive in the schooner Mary C. Decker, from San Blas, U. S. C.

"C. BRENNAN & CO."

Subsequently to the execution of the above contract, and in order to carry out the terms thereof, the super-cargo of the schooner was directed by telegraph to have the consignment made out to H. B. Claflin & Co. The consideration for the foregoing contract is ample and sufficient. C. Brennan & Co. were at the date thereof justly indebted to the defendant H. B. Claflin & Co., and suits had been instituted for the recovery of said indebtedness. It has been held in this State that any act which is for the benefit of one of the parties to a contract, and operates to the injury of the other party or parties, is a good and effectual consideration to uphold a sale. (*Hart* v. *Young,* 1 Lans., 417 ; *Britenstool* v. *Henry Michaels,* 56 N. Y., 607.) It has been further held that the giving of a bill of sale of certain specific articles is a good consideration for the postponement of the enforcement of a claim. (*Audas et al.* v. *Nelson,*

64 Barb., 362.) There remains but one more question to be considered in reference to this case, viz., in reference to the delivery of the subject-matter of the bill of sale. By a long line of decisions in this State, it is established that the delivery, which is one of the essential prerequisites to a valid sale, must be such as the article sought to be sold is by its nature susceptible of. (*Hayden* v. *Demets,* 53 N. Y., 426; *Wilkes* v. *Ferris,* 5 Johns., 335.) In the case under consideration, although the goods were not on the schooner at the date of the sale, still they were in the hands of agents or on their way thither; and the consignment of them to John Claflin & Co., in accordance with the telegraphic instructions to that effect, operated to make as perfect a delivery as the circumstances of the case in question allowed. Even admitting that the sale was not complete in all essentials, still John Claflin & Co., having given a valuable consideration for the instrument in question, have priority of right over the receiver appointed subsequently, under the principal of law set forth in the phrase "*qui prior est in tempore potior est in jure.*"

Judgment should be given for the defendant, with disbursements only according to the terms of the submission.

DYKMAN, J., concurred.

PRATT, J. (dissenting):

The phrase "sold to arrive," in mercantile contracts, does not import an executed sale. The sale is conditional; and in case the events take place upon which its execution depends, the right of the vendee, in case of non-delivery of the goods, is to recover damages therefor. He cannot maintain replevin. The title is in the vendor until the sale is completed in the same manner as other sales. (*Anderson* v. *Read,* 106 N. Y., 333.) It follows, therefore, that the agreement of Brennan & Co. did not transfer to Claflin a present title to the goods. That remained in the vendors, and upon the appointment of the receiver, vested in him as the representative of the court, as did the title to the other assets of the estate. After that time the title of the goods could only be transferred by the receiver, or by order of the court. It also appears that on August thirtieth, when the contract was made, there were no goods of Brennan & Co. on the schooner M. C. Decker. There was, therefore, at that time, nothing which answered the description of the con-

tract. Before the goods were placed on board they had vested in the receiver. They were not at any time before the receivership set apart or specified, or in any way appropriated, to the fulfillment of the contract, all which was necessary to be done before the title could pass. Not till those steps were completed could anyone tell which of the goods were to go to the vendee. The goods vested in the receiver before these things were done, and whatever was done by the agents of Brennan & Co. after that time had no validity.

It follows that the goods were the property of the receiver, who must have judgment upon the agreed statement of facts for $3,724.65, and interest from October 16, 1888, and his disbursements in the action.

Judgment for defendants upon submitted case, with disbursements, according to stipulation.