LEWIS *et al. v.* FLACK.

*(Common Pleas of New York City and County, General Term.*   June 2, 1890.)

SALE—RIGHTS OF SELLER—ACTION FOR POSSESSION.

Evidence of the false representations by which the purchaser obtained the property is admissible in an action to recover its possession by the seller against the sheriff, who levied on it in the hands of the purchaser.

Appeal from eleventh district court.

Action by Charles Lewis and others against James A. Flack, sheriff, to recover possession of personal property fraudulently obtained from plaintiffs by

536 NEW YORK SUPPLEMENT, vol. 10. [C. P. N. Y.

the vendee, and levied on by defendant as sheriff. Judgment for defendant. Plaintiffs appeal.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Nathan Lewis*, for appellants. *David Tim*, for respondent.

PER CURIAM. This action was brought to recover the possession of certain property fraudulently obtained from plaintiffs by the vendee, and levied on by the defendant as sheriff. The sheriff was not a purchaser for value, and, where a sale of goods has been induced by false and fraudulent representations on the part of the vendee, the vendor may reclaim and retake them from the possession of any one but a purchaser in good faith for value; and evidence of the false and fraudulent representations inducing the sale are admissible in an action brought against the sheriff to the same extent that it would be against the original vendee. *Guckenheimer* v. *Angevine*, 81 N. Y. 394; *Stevens* v. *Brennan*, 79 N. Y. 254; *Hathorne* v. *Hodges*, 28 N. Y. 486. It was therefore error to exclude evidence of the representations made by the vendee at the time of the purchase, the falsity of these representations, and the fact that the representations were relied on in making the sale, and generally evidence tending to show the fraudulent intent of the vendee in making the purchase. Besides, the defendant did not show that he detained the goods under any process of court, and the jury were erroneously directed to find a verdict for the defendant. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.