the defendant has good grounds for feeling aggrieved, and for appeal to this court. It was for the trial court alone to construe the contract between the parties, and to instruct the jury as to its meaning. Dwight v. Insurance Co., 103 N. Y. 341, 8 N. E. 654. The terms being undisputed and unambiguous, the question thereon was solely one of law (Kenyon v. Association, 122 N. Y. 247, 25 N. E. 299; Moxley v. Railroad Co., 143 N. Y. 649, 37 N. E. 824), and should not have been left to the jury. It was error, upon the uncontradicted evidence, not to find that the acts done by persons, complained of by plaintiff, were not committed by the defendant or its servants (King v. Railroad Co., 66 N. Y. 181), and so to instruct the jury, or to dismiss the complaint.

For these reasons, the judgment and order appealed from must be reversed, the verdict set aside, and a new trial ordered, with costs to appellant. All concur.

---

(27 Misc. Rep. 179.)

### VICTORIA PAPER-MILLS CO. v. NEW YORK & P. CO.

(City Court of New York, General Term.    March 28, 1899.)

1. SALE—BONA FIDE PURCHASER.

Where goods are bought by fraudulent representations, the transfer by the purchaser of such goods in payment of an antecedent debt does not make of such third party a bona fide purchaser, so as to enable it to hold the goods against the original vendor.

2. SAME.

Where goods fraudulently bought are transferred in payment of an antecedent debt, the fact that a small sum is also paid, on the advice of lawyers, that there might be no question as to the validity of the sale, is insufficient to make such second purchaser a bona fide purchaser for value.

Appeal from trial term.

Action by the Victoria Paper-Mills Company against the New York & Pennsylvania Company. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY and HASCALL, JJ.

James H. Fay, for appellant.

Joseph A. Arnold, for respondent.

FITZSIMONS, C. J.    We think that the evidence shows a sale and delivery of the goods in question to Cashriel & Co., and by that firm a delivery of said goods to defendant. We also think that the evidence shows that the sale by plaintiff to Cashriel & Co. was induced by fraudulent representations made by said firm to plaintiff, and that such sale was duly recorded. The only consideration advanced by defendant upon the sale to it of said goods was an antecedent indebtedness amounting to about $1,600, and $50 paid at the time of the sale. In view of the fact that Cashriel & Co. obtained the goods by fraud from plaintiff, the duty rested upon defendant to establish that it was a bona fide purchaser. Porter v. Waring, 79

N. Y. 254. The transfer to it by said fraudulent purchaser as security for, or in payment of, an antecedent debt, does not make it a bona fide purchaser, so as to enable it to hold the goods against the original vendor. Id. Nor does the payment of the $50 mentioned make it a bona fide purchaser, because the testimony of defendant's main witness, a Mr. Sloat, shows that said $50 was not advanced for the purpose of purchasing said goods, or to pay value for the same, but was paid for the purpose, as he testified, of making the sale absolutely valid against any person who might claim the goods mentioned in the bill of sale to defendant. It was, as he further testified, suggested by the lawyers engaged in the transaction that such further consideration should be made, so that there might be no question as to the validity of the bill of sale; also, that the lawyers stated that there might be a question as to the validity of said bill of sale, if there was only the pre-existing debt to sustain it as consideration, and that, unless the new consideration ($50) was given, the transfer might be questioned. This testimony shows that defendant regarded the sale to it as a questionable transaction. The new consideration was not advanced for the purpose of paying, as before stated, a consideration for the goods, or for the purpose of becoming an honest purchaser thereof, but was clearly intended as a legal guard against the claim of any person, situated like the plaintiff, who was induced to sell goods to Cashriel & Co. by fraudulent representations. Under the circumstances, we think that it cannot be claimed by defendant that it was an innocent and honest purchaser in good faith, and the payment of said $50, in our judgment, does not make it so. The precautions used by it show that it was not a bona fide purchaser.

The judgment is affirmed, with costs. All concur.