LA MANNA et al. v. MUNROE et al.

(Supreme Court, Appellate Division, Second Department.    March 6, 1900.)

1. EXCEPTIONS—INSTRUCTIONS.
    An exception to all those portions of the charge which submitted to the jury the question as to whether defendants were bona fide purchasers is not sufficient to call attention to the fact that it is claimed that the burden of proof is erroneously placed by an instruction that plaintiffs must not only show a sale by them to B., induced by the false representations of B., but that defendants, who purchased from B., "were not bona fide purchasers of these goods for value."

2. BONA FIDE PURCHASER.
    One may be a bona fide purchaser for value, though he does not part with any money at the time of acquiring the goods, but takes them as col· lateral security; he agreeing at the time to extend time for payment of certain acceptances of the seller, due and to become due, and not to bring any action against the seller on the negotiable paper thus held.

Appeal from trial term, New York county.

Action by Frank La Manna and others, composing the firm of La Manna, Azema & Farnan, against John Munroe and others, composing the firm of John Munroe & Co. From a judgment on a verdict for defendants, and from an order denying a motion for a new trial, plaintiffs appeal. Transferred from First to Second department. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

George E. Waldo, for appellants.
W. Benton Crisp, for respondents.

WILLARD BARTLETT, J.   By this suit the plaintiffs sought to reclaim a lot of sardines which they were induced to part with, as they allege, by the fraudulent misrepresentations of one Rosenstein. The vendee subsequently transferred the sardines to the defendants, who claimed to be purchasers in good faith, without notice of the alleged fraud.   There was enough evidence to go to the jury on both branches of the case: that is to say, upon the question whether there was any fraud on the part of Rosenstein in making the purchase from the plaintiffs, and upon the further question whether the defendants subsequently acquired the property as bona fide purchasers for value.   There is no ground upon which we can interfere with the determination of these issues of fact in favor of the defendants, unless the record discloses some legal error which affected the result.   I can find no such error.

It is said that the court erred in the instructions which were given to the jury concerning the burden of proof, and that it ignored

the rule that, "in a suit by the true owner to recover the goods against a person who claims title under the fraudulent vendee, the burden is upon the party claiming such title of proving that he is a purchaser in good faith and for value." Stevens v. Brennan, 79 N. Y. 254. The instruction which is the subject of this criticism was to the effect that before the plaintiffs could recover they were not only bound to show a sale induced by false representations on the part of Rosenstein, but that they must·go further, and show the jury "that the defendants in this action were not bona fide purchasers of these goods for value." No exception was taken to this part of the charge. The learned counsel for the plaintiffs did except to all those portions of the charge which submitted to the jury the question as to whether the defendants were bona fide purchasers, but the exception did not serve in any manner to indicate the objection which is now relied upon, or to convey to the mind of the trial judge the idea that counsel believed he had erred in instructing the jury with reference to the burden of proof in the case. It is to be noted that the charge contains no express reference to the burden of proof, and it is hardly probable that the learned judge, in using the phrase quoted, could have had that question in mind. He was the counsel for the successful party in the case of Stevens v. Brennan, supra, in which, as already shown, it was expressly held that the burden of proof in a case like this rested upon the party claiming to be a purchaser in good faith; and it is scarcely conceivable that, if his attention had been directed to the matter by an appropriate exception, he would not have made the law on the subject perfectly clear to the jury. At all events, as there is no exception which points to the instruction as erroneous, and as the evidence was ample to justify the jury in holding that the defendants had sustained the burden of proof under the correct rule, I do not think that the error, if there was one, should be allowed to disturb the verdict.

The other assignments of error upon which the appellants rely rest upon the proposition that the defendants could not be regarded as purchasers for value, because they did not part with any money when they acquired the goods, but received them as security for an antecedent indebtedness. There was evidence, however, from which the jury could find that at the time of the transfer the defendants agreed to extend the time for the payment of certain acceptances of Rosenstein, which were then due and to become due, and furthermore agreed not to bring any actions against Rosenstein on the negotiable paper which they thus held. This agreement constituted a fresh consideration at the time of the transfer, and sufficed to confer a good title upon the defendants, as against the true owners, provided the transferees were without any knowledge of the fraud by which they were induced to part with the goods. Fuller v. Claflin 51 Hun, 609, 4 N. Y. Supp. 92. There should be an affirmance of the judgment and order appealed from.

Judgment and order affirmed, with costs. All concur.