(75 App. Div. 435.)

AMERICAN PRESS ASS'N v. BRANTINGHAM et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. LIS PENDENS—SUIT FOR SHARES OF STOCK.
   Pendency of a suit against one in whose name shares of stock stand, to determine title thereto, is not notice to one taking an assignment pending the suit from the defendant, so as to make her bound by the decree for plaintiff.

2. STOCK—BONA FIDE PURCHASER—BURDEN OF PROOF.
   Stock certificates are not negotiable instruments, but a purchaser thereof must, as against the true owner, show that he took without notice, and for a valuable consideration paid.

3. SAME—RULING ON EVIDENCE.
   In a suit between T. and B. alone to determine right to shares of stock, assignment of which T. had taken from H., the court on B. offering in evidence, to show her title to the stock, the judgment roll in a suit by B. against H., in which B. was decreed to be the owner of the stock, admitted it as against "the defendant H." *Held*, that this was not misleading, as indicating that the decree would relieve T. as assignee of H. of the burden of showing she was a bona fide purchaser.

Van Brunt, P. J., dissenting.

Appeal from special term.

Action of interpleader by the American Press Association against
May Thorne Brantingham and Julia Thaxter. From a judgment for
defendant Brantingham against defendant Thaxter, the latter appeals.
Affirmed.

See 68 N. Y. Supp. 285, and 75 N. Y. Supp. 765.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

J. W. Purdy, for appellant.
C. A. Brodek, for respondent American Press Ass'n.
A. Thain, for respondent Brantingham.

PATTERSON, J. The defendants, Brantingham and Thaxter,
each claimed to be individually entitled to 400 shares of the capital
stock of the plaintiff corporation. Thereupon this action of inter-
pleader was brought. Each of the defendants answered the com-
plaint, setting up her asserted right to the shares. The cause was
tried, the plaintiff discharged from liability, and on the issues joined
between the defendants a decision was rendered favorable to the
claim of Mrs. Brantingham. By the terms of the judgment entered
on that decision, Mrs. Brantingham is declared to be the owner and
entitled to the possession of the shares and to the amount of cer-
tain dividends and accrued interest thereon. The judgment also
provides that the plaintiff be discharged of and from all claims of
the defendants or either of them. The defendant Thaxter appeals
from the whole of the judgment according to the text of her notice
of appeal, but she is precluded from attacking it so far as the plain-
tiff is concerned, for she expressly stipulated on the trial that the
relief prayed for in the complaint should be granted.

The 400 shares involved in this action are represented by two cer-
tificates, one (No. 1,087) for 250, and the other (No. 1,119) for 150,
shares. They are part of 1,510 shares, which originally belonged to
one Joseph Thorne. On May 5, 1896, all of those 1,510 shares were
transferred on the books of the plaintiff to Eunice E. Huff. On
the trial of the present action it was shown that 704 of the 1,510
shares, including those represented by certificates 1,087 and 1,119,
remained untransferred from Mrs. Huff, and still standing in her
name on such books. On October 12, 1897, an action was begun
in the supreme court by May Thorne Brantingham against Eunice
E. Huff individually and as executrix and against other persons, in
which action Mrs. Brantingham claimed to be entitled to the shares
and to other property. Mrs. Huff answered in that action, and the
issues joined therein were tried at special term in the Second judicial
district in May, 1900. The cause was submitted on the pleadings and
proofs, and on the 22d day of August, 1900, a decision was rendered
by the court in favor of Mrs. Brantingham. An interlocutory judg-
ment was entered appointing a referee to take proof and report as to
property acquired by Eunice E. Huff from, and transferred to her
voluntarily and without consideration by, Joseph Thorne in his life-
time, and also as to what disposition, if any, had been made by Mrs.

Huff of such property. The interlocutory judgment also contained an injunction prohibiting Mrs. Huff from transferring, disposing of, or interfering with such property. The referee made his report, dated February 8, 1900, in which he found, among other things, that there remained standing in the name of Mrs. Huff, untransferred on the books of the company, 704 of the 1,510 shares of stock. On the 27th day of March, 1901, final judgment was entered against Mrs. Huff by which she was required forthwith, upon service of a copy of the decree on her attorneys, to transfer, assign, and set over to Mrs. Brantingham the 704 shares, and to deliver to her the certificate or certificates representing the same.

As we have seen, those 704 shares still stood in the name of Mrs. Huff when the present action was on trial. Certificate No. 1,087 bears date September 19, 1899. A power of attorney and assignment in the usual form indorsed thereon is signed Eunice E. Huff, and bears date August 3, 1900. The blank spaces therein are unfilled. Certificate No. 1,119 bears date June 6, 1900. A power of attorney and assignment in the same form, with blank spaces, is indorsed thereon, and is signed Eunice E. Huff, but is without date. Both powers purport to have been executed in the presence of the same subscribing witness. The two certificates had at some time been delivered to Mrs. Thaxter, for she deposited them with the clerk of the court pursuant to the requirement of an order duly made by the court. When they actually came into her possession, whether before or after the interlocutory or final decree in Mrs. Brantingham's suit against her, does not appear.

One of the contentions of the defendant Brantingham is that Mrs. Thaxter, having taken the assignment of the shares pending the suit against Mrs. Huff, is bound by the decree in which it was adjudged that Mrs. Brantingham was the real owner; but that contention cannot prevail. It was clearly stated by Judge Earl in Leitch v. Wells, 48 N. Y. 586, that the doctrine in equity of notice by lis pendens does not apply to shares of corporate stock; and in Holbrook v. Zinc Co., 57 N. Y. 632, the remarks of Judge Earl in that regard are approved by the whole court. In this case, moreover, there is not sufficient to show that Mrs. Thaxter became the assignee of the shares pending suit. She may have received them after the decree was entered. On the other hand, her claim to protection as the holder of negotiable instruments, with all the presumptions attaching thereto, is also inadmissible. Stock certificates are not such instruments, although, in the hands of holders for value and without notice, they are invested with some of the characteristics of negotiability. The effort has been made frequently to induce the courts to put such certificates on the footing of negotiable instruments, and there are dicta of judges which show an inclination to go to that extent. It is to be noticed, however, that in such cases the rights of bona fide holders were recognized and enforced, and the facts showing that such holders parted with value and acted in good faith in taking the certificates were affirmatively shown, as in Fifth Ave. Bank v. Forty-Second St. & G. St. Ferry R. Co., 137 N. Y. 231, 33 N. E. 378, 19 L. R. A. 331, 33 Am. St. Rep. 712. The

law on the subject as it is now settled in the state of New York is fully and clearly stated by Andrews, C. J., in Knox v. American Co., 148 N. Y. 455, 42 N. E. 988, 31 L. R. A. 779, 51 Am. St. Rep. 700. When in this case Mrs. Brantingham's ownership as against Mrs. Huff was proved, at least the obligation was imposed upon Mrs. Thaxter to show that she had acquired the certificates, in good faith. The principle announced in Weaver v. Barden, 49 N. Y. 286, that a purchaser of shares of corporate stock must show, as against the claim of the true owner, that he took without notice and for a valuable consideration actually paid, has not been overruled.

The foregoing considerations lead to an affirmance of this judgment unless prejudicial error was committed on the trial in rulings of the court on matters of evidence. Counsel for Mrs. Thaxter argues now that such error appears in the record. Mrs. Brantingham's ownership of the shares was proven by the judgment in her action against Mrs. Huff. The introduction in evidence of the judgment roll in that action was objected to. The court admitted it as against "the defendant Huff." Mrs. Huff is not a party to this, the present, action. There was nothing misleading in the statements or rulings of the trial judge. It was not announced that ulterior effect would not be given to the evidence. It was received to define the status of Mrs. Huff, the assignor of Mrs. Thaxter. Had Mrs. Huff been a defendant in this case, it might be urged with some plausibility that the court had limited the effect of the evidence to one defendant, and thus ruled that the other was in no way to be bound by it. We cannot infer from the declaration of the judge that the defendant Thaxter, in consequence of it, refrained from showing that she was a purchaser in good faith and for value paid. Indeed, the whole record shows that her reliance was upon the proposition that it was incumbent upon Mrs. Brantingham to show that she (Mrs. Thaxter) was not a purchaser in good faith.

The judgment should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.