(77 App. Div. 280.)

## PRINTING TELEGRAPH NEWS CO. v. BRANTINGHAM et al.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. CERTIFICATE OF STOCK—ASSIGNMENT—GOOD FAITH—EVIDENCE—ADMISSIBILITY.

Decedent assigned a certificate of stock to a third party, and his executor afterwards sued the latter to compel a re-assignment on the ground of fraud. On the trial of the action the third party's sister appeared as a witness in his behalf, and had knowledge of the issues involved. Judgment was rendered for plaintiff. After the decision was rendered, but before the judgment had been entered, the third party assigned the certificate to the sister. *Held*, in an action of interpleader brought by the corporation to determine whether the executor or the sister was entitled to the certificate, that the judgment roll in the other action was admissible as bearing on the question of the sister's good faith in taking the assignment.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by the Printing Telegraph News Company against May Thorne Brantingham and others. Judgment rendered, and defendant Laura B. Washburn appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

J. W. Purdy, Jr., for appellant.
Alexander Thain, for respondent Brantingham.
Paul Wilcox, for respondent Printing Telegraph News Co.

McLAUGHLIN, J. This was an action of interpleader brought for the purpose of determining which of the defendants was entitled to a certificate of stock of the plaintiff corporation. The plaintiff had a judgment for the relief demanded, and which also determined that the certificate belonged to the defendant Brantingham. The defendant Washburn has appealed "from each and every part of the said judgment."

It is unnecessary to consider the appeal so far as it relates to the plaintiff, because in that respect it must necessarily be affirmed, inasmuch as it seems to have been conceded at the trial by all of the parties that the plaintiff was entitled to the relief asked, which was substantially repeated upon the argument as well as in the brief filed by appellant's counsel. The appellant, however, complains of the judgment in so far as it determined that the certificate of stock belonged to the respondent Brantingham.

The facts, in so far as the same are material to or involved in the question presented on the appeal, are as follows: Joseph Thorne in his lifetime was the owner and possessor of the certificate of stock referred to in the complaint, which he assigned to one Eunice E. Huff, a sister of the appellant. Prior to the commencement of this action the respondent Brantingham brought an action in the supreme court of this state against said Huff, individually and as executrix of Thorne, to recover, among other property, this certificate and the property represented by it, upon the ground that Huff procured the assignment and transfer of such certificate from Thorne,

in fraud of Brantingham's rights. That action was prosecuted to and resulted in a judgment in favor of the plaintiff, and said Huff was directed to assign and deliver such certificate to Brantingham. After the announcement of the decision of the special term in that action, and before a judgment had been entered thereon, Huff assigned and transferred the said certificate to Washburn. Upon the trial of this action the judgment roll in the action between Brantingham and Huff was, against the objection of the appellant Washburn, received in evidence, and the exception taken by her to the ruling of the trial court in respect thereto presents the principal question upon this appeal.

The right of the appellant Washburn to the certificate of stock depended upon whether she took it in good faith, without notice of any infirmity in the title, and for value (Weaver v. Barden, 49 N. Y. 286; Association v. Brantingham [decided at the October term, not yet officially reported] 78 N. Y. Supp. 305), and any evidence bearing upon that question was material. Before the judgment roll was received in evidence it appeared that the appellant was a witness and gave testimony in the action between Brantingham and Huff, and that she had knowledge of the issues involved therein. It also appeared that the transfer from Huff to her was not made until after the decision in that action had been rendered. This being the situation, we think that the judgment roll was properly received, as bearing upon the question of her good faith and whether she then knew that there was any infirmity in the title. If she knew—and this was a material and necessary determination for the court to make—that there was a defect in the title; that it had been determined that the certificate did not belong to Huff,—then no one would seriously contend that she could acquire any better title than Huff had, and, if Huff did not then have any title, she, of course, got none. The judgment roll was prima facie sufficient, taken in connection with the other facts, to show that she had notice of the infirmity in the title to the certificate, and this cast the burden upon her of showing that the same was acquired by her in good faith and for value. Stevens v. Brennan, 79 N. Y. 254; Bank v. Kidder, 106 N. Y. 221, 12 N. E. 577, 60 Am. Rep. 443; Fifth Ave. Bank of New York v. Forty-Second St. & G. St. Ferry R. Co., 137 N. Y. 231, 33 N. E. 378, 19 L. R. A. 331, 33 Am. St. Rep. 712. This burden she did not assume at the trial. She was not sworn as a witness, and did not deny that she had knowledge of every fact relating to the infirmity in the title of the certificate which might properly be inferred from the fact that she was a sister of Huff, and testified upon the trial between her and Brantingham in relation to the title of the certificate in question. We are of the opinion, therefore, that the trial court properly admitted the judgment roll in evidence, in the absence of any explanation upon the subject, and determined that the certificate of stock belonged to the respondent Brantingham. If we are right in this conclusion, then it necessarily follows that the judgment appealed from should be affirmed.

Judgment appealed from affirmed, with separate bills of costs to the respondents.

O'BRIEN and HATCH, JJ., concur.   VAN BRUNT, P. J., dissents.

INGRAHAM, J.   I concur in the opinion of Mr. Justice Mc-LAUGHLIN, but I think the judgment in the action between the defendant Brantingham and Huff was also competent as evidence of the title of the defendant Brantingham to the stock in question.   It was necessary for Brantingham to prove that she was the owner of the stock.   It had stood in the name of Huff upon the books of the corporation, and by this judgment it was determined that, as between Brantingham and Huff, Brantingham was the owner of the stock.   To establish Brantingham's title to the stock it would have been competent to prove a transfer to her by Huff, and this judgment, being a determination that she was the owner of the stock, was admissible in evidence to prove ownership.