WHITAKER MANUFACTURING COMPANY *v.* BARBER.

Opinion delivered June 23, 1930.

*Carmichael & Hendricks,* for appellant.

*June P. Wooten,* for appellee.

McHANEY, J. In 1927, appellant sold goods to the Turner-Shannon Company of Little Rock, and on January 1, 1928, the latter was indebted to appellant in the sum of $4,724.27. On January 12, 1928, the Turner-Shannon Company made an assignment to appellee, for the benefit of creditors, who filed same in the Pulaski Chancery Court and invited creditors to present their claims. Appellant filed an intervention, to which was attached an itemized account describing the property it had sold the assignor and which it could identify, and claimed the right to retake the property it could identify as having been purchased from it through fraud. It identified $2,308.28 worth of its property in the hands of the assignee at invoice prices. The court ordered all the assets in the hands of the assignee sold, that claimed by appellant to be sold separately. Although appellant objected to the sale of its property, it did not appeal and must be held to have consented thereto. This property claimed by it sold for $1,000. On a trial the chancery court held appellant was entitled to this $1,000, but the assignee appealed to this court. The decree was affirmed. *Barber* v. *Whitaker Mfg. Co.,* 180 Ark. 183. Appellant was paid the $1,000. It thereafter filed a second intervention claiming interest on this $1,000 from the date of the decree to the time of payment, and also claiming the

right to be a general creditor for the balance of its account, less $1,000, in the sum of $3,724.27. Appellee answered, denying, (1), appellant's right to interest on the ground that the fund was a trust fund, held in court in lieu of the property, and (2), alleging that appellant had been awarded all the goods demanded and identified by it under its first intervention, and was not entitled to have a claim for the difference between the sum realized and the whole bill. The court overruled appellant's demurrer to appellee's answer. Appellant declined to plead further, and its intervention was dismissed for want of equity. Hence this appeal.

We are of the opinion that the trial court correctly held that appellee's answer stated a good defense to appellant's demand for interest. The goods claimed by appellant and identified by it in the sum of $2,308.23 were sold by order of court for $1,000. Appellant had the opportunity of bidding more for the goods, but it failed to do so. The money for which the goods were sold therefore took the place of the goods and became a fund in court, title to which was litigated to a final determination in this court to be the property of appellant. If the goods had not been sold and had been kept intact, and finally awarded to appellant, certainly it would not have been entitled to interest on the judgment for the property. Since it elected to permit the property to be converted into money, and to litigate the title to the money, it necessarily follows that appellant is not entitled to collect interest on the money.

As to the second proposition, however, that appellant is entitled to file a claim for the balance due it and become a general creditor entitled to participate in the distribution of the fund in the hands of the assignee, we are of the opinion that the court erred in overruling the demurrer of appellant to the answer of appellee. The amount of its claim, however, should be the difference between the invoice price of the goods identified by it, $2,308.23, and the whole amount of its bill, $4,724.27, or

$2,416.04. Appellant contends that it should become a general creditor for the sum of $3,724.27, instead of the sum heretofore stated for the reason that it realized only $1,000 for the goods it identified and which were sold for said sum, but we cannot agree with appellant in this regard. It permitted its goods of the value of $2,308.23 to be sold for $1,000 when it might have required the delivery of the goods or might have bid them up at the sale to the invoice price without loss to itself. Having elected to permit the goods to be sold, the whole amount of its bill must be credited with the amount of the invoice price as hereinbefore stated.

It appears to be the general rule, supported by courts of last resort and text writers throughout the country, that where, as here, goods are sold on account of fraudulent representation of the buyer as to his solvency, the seller may, when he discovers the fraud which induced the sale, rescind the contract of sale, repossess such of his property so obtained as he may be able to find and identify in the possession of the buyer, and also maintain an action against the buyer for the value of the goods not found. In 24 R. C. L., § 616, p. 330, it is said: "It has been held, and it seems properly, that if the buyer has resold the goods or a part thereof, the seller, after recovering those which he can reach, may waive the tort as to the balance and maintain assumpsit for the proceeds, on the implied promise to pay for property wrongfully appropriated."

To support this statement of the law the cases of *Silvey* v. *Tift*, 123 Ga. 804, 51 S. E. 748, and *Sleeper* v. *Davis*, 68 N. H. 59, 6 Atl. 201, are cited and support the statement above quoted.

Appellee contends however that appellant is estopped from claiming the difference between the value of the goods found and its whole bill on the theory that in its first intervention it attached an itemized list of such goods thereto which it said it could identify of the full value of its bill, and that, since such of the goods as were

identified were sold and the proceeds turned over to appellant, it ought not to be permitted to file a claim for the balance. We do not agree with appellee. Appellant could have identified all of its goods if they had been on hand and in the possession of the assignee. Only goods of the value of $2,308.23 were on hand to be identified, the presumption being the remainder had been disposed of. Had all the goods been on hand, and sold by order of court, then appellant's claim would have been satisfied in full by delivering to it the purchase price of all its goods. We do not feel constrained to follow the opinion of the court in *Farwell* v. *Myers,* 59 Mich. 179, where the majority held contrary to the views herein expressed. We think the dissenting opinion in that case and the views herein expressed more clearly mete out exact justice.

The decree will therefore be affirmed as to the claim for interest, but in all other respects it is reversed and remanded with directions to allow the claim in the amount herein stated. .